[No. 15572.    Department Two.    March 22, 1920.]

JAMES C. CHAPMAN et al., Respondents, v.
WILLIAM CRITZER et al., Appellants.[1]

FRAUDULENT CONVEYANCES (22, 23)—CONSIDERATION—SUFFICIENCY
—CASH AND PAYMENT FOR PAST SERVICES.  A conveyance of property
of the value of $10,000 to the grantor's children, in consideration of
the assumption of a mortgage indebtedness thereon of $6,900, and a
credit of $2,000 for past services rendered the parents after attain-
ing majority, and $1,100 to be subsequently paid in cash, is sup-
ported by a sufficient consideration; and such a conveyance is not
fraudulent as to creditors because in part in consideration of past
services where part was paid in cash and its equivalent.

SAME (21, 95)—INTENT OF GRANTOR.  A conveyance to children
upon sufficient consideration could not have been with intent to de-
fraud a mortgage creditor who subsequently obtained a deficiency
judgment where he had assured the debtors that he would not take
any personal judgment against them.

Appeal from a judgment of the superior court for
Stevens county, Truax, J., entered May 7, 1919, upon
findings in favor of the plaintiffs, in an action to quiet
title, after a trial to the court.  Affirmed.

*Harris Baldwin* (*Moye Wicks*, of counsel), for ap-
pellants.

*W. Lon Johnson* and *E. D. Germain*, for respondents.

BRIDGES, J.—Prior to the controversy involved in
this action, Charles F. Chapman and his wife had made
their promissory note to the appellant Critzer, secur-
ing the same by a mortgage upon certain Spokane
county real property.  Later the Chapmans sold the
mortgaged property to Frank A. Reed, who assumed
and agreed to pay the mortgage indebtedness.  There-
after the Chapmans bought a farm located near
Chewelah, in Stevens county.  In March, 1916, the ap-

[1]Reported in 188 Pac. 412.

pellant Critzer instituted suit in Spokane county to foreclose the above mentioned mortgage. He made Chapman and wife and Reed and wife defendants in that action. The mortgage was foreclosed and the property sold for a sum less than the amount necessary to pay the judgment, and a deficiency judgment of several hundred dollars was taken against Chapman and wife, who had made no appearance in the suit, although process therein had been duly served on them. The judgment against the Chapmans was obtained in May, 1917. During the preceding February, Chapman and wife deeded to the respondents, who were and are their son and daughter, their Chewelah farm and the personal property thereon, being all, or practically all, of the property owned by them. This deed was duly filed for record on February 20, 1917.

In November, 1917, the appellant procured to be issued out of the superior court of Spokane county a writ of execution, based upon the deficiency judgment against the senior Chapmans. This execution was levied on the Chewelah lands, and they were sold by the sheriff to appellant Critzer in November, 1917. Shortly prior to the expiration of the year for redemption, the respondents brought this suit against Critzer and the sheriff, wherein they sought to have the sheriff's sale of the Chewelah lands set aside and the title thereto quieted in them, and to enjoin the sheriff from issuing his deed to the appellant Critzer. The appellants defended on the ground that the Chewelah farm actually belonged to the senior Chapmans and that the deed from them to respondents was without consideration and was fraudulently made for the purpose of defeating the rights of the appellant Critzer, as a creditor.

The testimony and the court's findings show that the consideration for the Chewelah farm and the per-

sonal property thereon was $10,000, paid or to be paid by the respondents as follows: They assumed and agreed to pay an existing mortgage on the land of $6,900; they were given credit for $2,000 on account of services which they had performed for their parents since they had reached their majority, such services being rendered under an agreement that they were to be paid for, and the balance of $1,100 was to be, and subsequently was, paid in cash. Judgment was entered in accordance with the prayer of the complaint. Critzer and the sheriff have appealed from that judgment.

The appellants contend that the testimony shows the deed of the Chewelah property by the senior Chapmans to the respondents was without valuable consideration, and was made for the purpose of putting the senior Chapmans in such condition as that they could not be made to respond to the judgment against them held by the appellant Critzer. All of the authorities hold that, where a transfer is made under conditions such as exist here, there must have been a valuable consideration paid, or to be paid, and the purchase must have been in good faith and without any design or intention to hinder, delay or defraud creditors. There is no direct testimony showing that ten thousand dollars was the fair value of the land purchased by respondents, but the court may draw from the testimony inferences that such price was the fair value, and since the appellants nowhere contend to the contrary, we conclude that the transfer was not objectionable on the ground of insufficient consideration.

The appellants contend that the transaction was fraudulent in law because a part of the consideration was the payment of past services of the respondents to their parents, the grantors. A great many, and probably the greater number, of authorities hold that, where lands are deeded in payment of a past debt or

past services, and no other consideration exists, and the grantors have no other property which can be reached, the transfer will be considered fraudulent as against existing creditors. There are, however, many excellent authorities holding exactly the contrary. We do not find it necessary to decide this question. All of the authorities hold that the transfer will be good as against existing creditors where all, or a part of, the consideration is cash or its equivalent. *Merrick v. Pattison,* 85 Wash. 240, 147 Pac. 1137. See, also, the note found in 27 L. R. A. (N. S.) 620, where many of the authorities on this subject are collected. Here the testimony shows that the respondents assumed and agreed to pay the mortgage of $6,900, and did actually pay, in addition thereto, cash in the sum of $1,100. We, therefore, unhesitatingly conclude that, so far as the consideration is concerned, the transfer in question was good as against creditors.

But it is contended that the transfer was fraudulent because made for the purpose of placing the senior Chapmans beyond the reach of their creditors. The authorities hold that a valuable consideration is not, in itself, sufficient; for, in addition thereto, it must appear that the purchase was in good faith and without any intent on the part of the purchaser to hinder, delay or defraud the grantor's creditors. The testimony here conclusively shows that the respondents received the title to this property some months before the deficiency judgment was taken against their grantors; in fact, it appears that the respondents did not know of the judgment until October, 1917, being some nine months after they had received the title to the land in question. It also appears from the testimony and the court's findings that, when the senior Chapmans were served with process in the foreclosure suit, they were told by appellant Critzer that no personal

judgment would be taken against them, and that they need not pay any attention to the case, and that they did not know the judgment had been taken against them until long after they had deeded their property to the respondents. It also appears that the grantors conveyed this property because they were unable to pay the mortgage or the interest thereon, and were about to lose the property on that account. It seems clear that the respondents purchased this property in the utmost good faith. The appellants rely upon the case of *O'Leary v. Duvall*, 10 Wash. 666, 39 Pac. 163, but the facts of that case are so very different from the facts here that the law of that case is wholly inapplicable to the facts of this case.

The conclusion to which we have come makes it unnecessary to decide other questions discussed by counsel in their briefs. We think the findings of the trial court are well supported by the testimony. The judgment is affirmed.

HOLCOMB, C. J., FULLERTON, TOLMAN, and MOUNT, JJ., concur.