[No. 15788. Department Two. September 1, 1920.]

THE CITY OF ROSLYN, *Respondent*, v. EMIL PAVLINOVICH, *Appellant*.[1]

MUNICIPAL CORPORATIONS (336)—VIOLATION OF HEALTH ORDINANCE—COMPLAINT—SUFFICIENCY. A complaint charging that defendant violated an ordinance providing that it "shall be unlawful for any person to refuse, fail or neglect to comply with any legal order of the health officer," by alleging that he "did wilfully and unlawfully refuse, fail and neglect to comply with the legal order of the health officer . . . in that he permitted people to congregate at his place of business and play cards," is sufficient to charge a misdemeanor.

EVIDENCE (79)—BEST AND SECONDARY EVIDENCE—PROOF OF EFFORT TO SECURE PRIMARY EVIDENCE. Oral testimony of the contents of a written instrument is not admissible upon mere proof that the writing had been sent to a party in another city and that an attempt had been made to secure it for the trial, but that it had not been returned; since a reasonable effort to secure the writing was not shown.

SAME (79)—CONTENTS OF LETTER—ADMISSIBILITY. It was error to allow witness to testify to the contents of a letter which he said he had received but did not have with him, but was in his office, since the letter itself was the best evidence of its contents, and no sufficient excuse was shown for failure to produce it in court.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered July 18, 1919, upon a trial and conviction of a misdemeanor. Reversed.

[1]Reported in 192 Pac. 885.

*Pruyn & Hoeffler,* for appellant.

*Harry L. Brown,* for respondent.

BRIDGES, J.—The defendant was convicted on a criminal complaint filed with the police justice of the city of Roslyn, Washington. He appealed to the superior court, where the case was tried before a jury on the original complaint. There was a verdict against him. From a judgment entered thereon he has appealed.

The complaint upon which the appellant was tried and convicted reads as follows:

"That on or about the 23d of October, 1918, at the city of Roslyn, in said Kittitas county, Washington, one Emil Pavlinovich did commit the offense of violating section 1 of ordinance 161, of said city, as follows, to-wit, the said Emil Pavlinovich then and there being did wilfully and unlawfully refuse, fail and neglect to comply with the legal order of the health officer of the said city, in that the said Emil Pavlinovich permitted people to congregate at his place of business at No. 12 Pennsylvania Avenue, in said city and play cards therein. . . ."

The appellant contended in the court below, and contends here, that the complaint is insufficient to charge a misdemeanor. Section 1 of the ordinance mentioned in the complaint provides that it "shall be unlawful for any person to refuse, fail or neglect to comply with any legal order of the health officer" of the said city. It seems plain to us that the complaint very directly charges that the appellant violated this ordinance by failing and refusing to obey certain health orders and regulations made by the city health officer. This is sufficient to charge a misdemeanor. The complaint was sufficient.

The order of the health officer was in writing. It was given to the constable, who caused the inhabitants to become acquainted with its contents. It appears

from the testimony that the health officer's written order or regulation was not in court at the time of the trial, and the state undertook to orally prove the contents thereof. The health officer testified that his written order had been sent to Dr. Tuttle, state health officer at Seattle, and that he had attempted to secure it for the purpose of this trial, but that it had not been returned to him. He further testified that there was no copy of the original order unless the same should be in the hands of the mayor of the city. No effort was made to show whether the mayor had a copy. Under these circumstances, the court allowed the witness, over the objection of the appellant, to orally testify concerning the contents of the written order.

Oral testimony of the contents of a written instrument is not admissible until a satisfactory explanation is given for the failure to present the writing itself. The rule is that a reasonable effort must have been made to obtain the written instrument. As to what will be considered a reasonable effort is dependent to a considerable extent upon the importance, in the case, of the written instrument. Here the appellant is charged with violating the city ordinance by failing to obey the written order of the city health officer. Before we can determine whether the appellant violated such order we must know what that order is; consequently the guilt or innocence of the appellant depends almost entirely upon the order of the health officer. 10 R. C. L. 911, 918; 17 Cyc. 543 *et seq.* The mere statement of the witness that he had tried to have the order returned to him that it might be used at the trial falls far short of satisfactory proof. It was not shown when, or of whom, he tried to get the writing, why it was not returned, or the extent of his effort to get it. Nothing was shown except he had tried to get it, and that it had not been sent to him. Reasonable effort

means much more than this.   The court is entitled to know what was done, what effort was made.

It is true the city attorney, who prosecuted this case, later testified for the state that he had written to Dr. Tuttle for the original document, and that he had received a letter from him stating that the document was not on file with him, Dr. Tuttle.   The appellant objected to the witness testifying to the contents of the letter from Dr. Tuttle.   The witness then testified that he did not have that letter with him, but that it was in his office at Roslyn.   The court overruled the objection, and in doing so we think was in error.   The witness could not give the contents of Dr. Tuttle's letter to him under these circumstances.   The letter itself was the best evidence of its contents.   No sufficient excuse was given for not having it in court.   Not only did the testimony of this witness fail to show a sufficient excuse for not having the original order in court, but, in attempting to show such excuse, the court committed error in allowing that witness to testify concerning the contents of the letter.   We are convinced that the testimony fails to show any reasonable effort to have the health officer's order in court, and that the court erred in allowing oral testimony as to its contents.

We conclude that the court should have granted the appellant's motion for a new trial for the reasons above mentioned.   The disposition we have made of the case makes it unnecessary to consider other alleged errors, none of which is likely to occur at a new trial.

The judgment is reversed, and the cause remanded with directions to the court to grant appellant a new trial.

HOLCOMB, C. J., TOLMAN, MOUNT, and FULLERTON, JJ., concur.