[No. 16238.   Department Two.   March 31, 1921.]

THOMAS P. BUTLER, *Respondent,* v. NELLIE E. ARNOLD, *Appellant.*[1]

FRAUDULENT CONVEYANCES (29, 92)—INVALID TRANSFER—CONVEYANCES IN TRUST—TRANSACTIONS BETWEEN RELATIVES. An absolute transfer of real property by an insolvent debtor to his daughter in consideration of moneys advanced by her to protect the property from sale under a judgment, is not good as an absolute conveyance, as against the rights of other creditors, but will be deemed one in trust to secure her for advances, without a showing of active participation on her part to put the property beyond the reach of creditors, the fact that she was a volunteer and not a creditor rendering her passive participation sufficient.

SAME (23)—CONSIDERATION—PRE-EXISTING LIABILITY. Where moneys were advanced by a daughter to an insolvent parent to liquidate a judgment on which execution was threatened, and for other purposes, in consideration of which the father executed a deed to the property, the daughter was entitled to hold the property in trust as against creditors to secure her not only for the money used in liquidating the judgment, but also for the other items entering into the consideration for the transfer.

Appeal from a judgment of the superior court for King county, Beals, judge *pro tempore,* entered September 22, 1920, upon findings in favor of the plaintiff, in an action to set aside a conveyance, after a trial to the court. Reversed.

*Roberts & Skeel* and *J. J. Geary,* for appellant.

*H. D. Moore,* for respondent.

MAIN, J.—This action was brought by the plaintiff for the purpose of setting aside a conveyance of real property made by one Samuel Arnold to the defendant, which it is claimed was fraudulent as to the plaintiff's rights as a creditor of the grantor. The cause was tried to the court without a jury, and it resulted

[1]Reported in 196 Pac. 582.

in a judgment holding that the deed was void in so far as it purported to convey the absolute title to the defendant, and that the defendant held the title of the property as trustee to secure the payment to her of a certain sum of money and interest thereon. From this judgment, the defendant appeals.

Samuel Arnold was a man advanced in years, and was the owner of four pieces of real property located in Seattle. This property was covered by mortgages, and the assessments and taxes were due and unpaid. There was also a judgment against him which, together with the interest, amounted to the sum of approximately $4,500. Execution had been issued on the judgment and a sale thereunder was in prospect. The appellant, Nellie Arnold, was a daughter of Samuel Arnold and resided in Vancouver, B. C. Having learned of her father's financial embarrassment, she came to Seattle to look into the matter and see what could be done relative to the saving of the property. After she arrived in Seattle there was a conference held at which there were present Samuel Arnold, her father, Charley Arnold, her brother, W. B. Shoemaker, a trust officer of the Title Trust Company, the attorney for the parties, and the respondent. The result of this conference was that the title to the property should be conveyed to the respondent. A deed was drawn which was dated and acknowledged on March 1, 1920, and was placed with the Title Trust Company.

The respondent returned to Vancouver, and from there sent $4,750 for the benefit and protection of the property. In addition to this, the undisputed testimony shows that it was the understanding of the parties that there were two additional items which should be considered as a part of the consideration for the transfer, one for $712.50, and the other for $170. The deed

was delivered on March 3, 1920, and a few days thereafter the respondent, who had an action pending at the time, recovered a judgment against Samuel Arnold in the sum of $725.23. There being no property which could be levied upon to satisfy the judgment, the present action was instituted for the purpose of vacating the transfer by Samuel Arnold to his daughter, and resulted as above indicated.

The first question is whether the conveyance is good as an absolute transfer, or whether the appellant took title to the property in trust to secure the payment of the money which she had advanced. The trial court, as already stated, held that the deed was not good as an absolute conveyance, but was good as a trust conveyance to secure the advancement. The appellant contends that the court erred in not sustaining the transfer as an absolute conveyance good as against the creditors of the grantor. Upon this question it is not necessary to review the evidence, but it is sufficient to say that, after carefully considering the record, we are of the opinion that the trial court was correct in holding that the conveyance was one in trust to secure the advancement. The appellant was not the creditor of the grantor from whom she received title, but a volunteer. In such a case, it is not necessary to show an active participation in a design to put property beyond the reach of creditors, but a passive participation is sufficient. *National Surety Co. v. Udd,* 65 Wash. 471, 118 Pac. 347. In addition to this, the grantee being the daughter of the grantor is a circumstance which requires a conveyance by an insolvent debtor to be subjected to the closest scrutiny. *Fisher v. Ward,* 104 Wash. 589, 177 Pac. 682. It is true that there is some positive testimony that the transaction was intended

as an absolute sale, but as against this there are very potent circumstances showing it to be a transfer in trust to secure an advancement. We are inclined to the view that the trial judge reached the correct conclusion upon the evidence.

The next question is, what sum is the appellant entitled to, under her deed conveying the title in trust to her? The trial court directed that the property be sold and the proceeds thereof be first applied, after paying the costs, to the payment of the appellant's advancement, with interest thereon to the extent to which such money went into the property; and second, to pay the judgment claim of the respondent. The question here is whether the appellant should be limited to the money that actually went into the property, or whether she is entitled to be paid out of the proceeds, before the respondent participates, the sum of money which was the consideration for the transfer. In addition to the money which went to liquidate the judgment, there were two items above specified. The evidence is without conflict that it was the understanding of the parties that these two items were to be considered as a part of the consideration for the transfer. The transfer was good as against creditors to the extent of the amount of the consideration paid. *Chapman v. Critzer*, 110 Wash. 424, 188 Pac. 412. The appellant was entitled to have paid not only the money and the interest thereon which satisfied the judgment, but also the money, in addition thereto, which was treated by the parties as a part of the consideration. This requires a modification of the judgment.

The case will be remanded to the superior court with direction to modify the judgment by substituting the sum of $5,632.50, together with interest thereon at the

rate of six per cent from the third day of March, 1920, for the sum of $4,750.

Reversed and remanded.

PARKER, C. J., MITCHELL, TOLMAN, and MOUNT, JJ., concur.