[No. 20044.  Department One.  August 4, 1926.]

CLAUDE T. WALKER *et al., Respondents,* v. ALFRED
ZAUGG, *Defendant,* ERNEST ZAUGG, *Appellant.*[1]

[1] FRAUDULENT CONVEYANCE (92)—EVIDENCE—SUFFICIENCY—TRANS-
ACTIONS BETWEEN RELATIVES. Findings that the conveyance of
land to a brother was in fraud of creditors are sustained, where
it appears that the conveyance was made in consideration of a
fraction of its value, at a time when plaintiff was pressing the
grantor on his claim, which shortly thereafter was reduced to
judgment.

Appeal from a judgment of the superior court for
Grays Harbor county, Campbell, J., entered August 10,
1925, upon findings in favor of the plaintiffs, in an
action to set aside a fraudulent conveyance, tried to
the court.  Affirmed.

*O. M. Nelson,* for appellant.

*W. H. Abel* and *Frank Groundwater,* for respond-
ents.

ASKREN, J.—On July 26, 1924, the plaintiffs brought
suit against Alfred Zaugg to recover upon certain
notes.  Judgment was entered against him on October
10, 1924.  In June, 1925, this action was commenced to
set aside a deed executed by Alfred Zaugg to his
brother Ernest Zaugg on July 3, 1924, purporting to
transfer Alfred Zaugg's interest in and to certain
property in Grays Harbor county, and subject the
same to the judgment of October 10, 1924.

After issue joined and trial had, the court set aside
the deed by a decree wherein the court recited that the
deed "was made without consideration, and was

[1]Reported in 248 Pac. 81.

accepted by Ernest Zaugg for the express purpose to cheat, hinder and delay and defraud the plaintiffs in the collection of their judgment.'' The defendants appeal.

[1] The sole question here is whether the evidence establishes fraud in the taking of the deed. There was evidence showing that the property was transferred for a fraction of its real value, at a time when respondent was pressing payment of its claim. There was also a showing that, after Alfred Zaugg had executed the deed to his brother, he had negotiated the sale of a portion of the land to a third party.

Appellant argues that the testimony of his witnesses shows that the value of the land so deeded was only about one-fourth of the amount testified to by respondents' witnesses. This goes to the weight of the testimony.

It is unnecessary to detail the evidence. There was ample evidence upon the part of respondents to support the court's decree. While there was evidence upon behalf of the appellant to verify his contention, the court chose to believe the respondents' witnesses, and, upon a careful reading of the record, we cannot say that the court was in error in so doing.

Judgment affirmed.

TOLMAN, C. J., HOLCOMB, BRIDGES, and FULLERTON, JJ., concur.