[No. 20750. Department One. January 12, 1928.]

WESTERN INVESTMENT COMPANY, *Appellant*, v. G. F.
PAYNE, *Defendant*, WILSON CREEK STATE BANK,
*Respondent.*[1]

[1] FRAUDS, STATUTE OF (26) — SALE OF GOODS — DELIVERY AND AC-
CEPTANCE—EVIDENCE. Where, upon receiving a bill of sale of
standing wheat, the purchaser entered and harvested the crop
within ten days following the making of the assignment, the
title passes without recording the instrument, under Rem. Comp.
Stat., §5827, providing for recording bills of sale within ten
days, "where the property is left in the possession of the ven-
dor."

[2] FRAUDULENT CONVEYANCES (22) — CONSIDERATION — SUFFICIENCY.
A finding of sufficient consideration for the sale of a crop of
wheat by a father to his son, is sustained by evidence that the
son assumed the balance due upon a land contract, and trans-
ferred his interest in horses and tools held by them in partner-
ship.

[3] APPEAL (388)—REVIEW—PARTIES ENTITLED — RESPONDENT. Re-
spondent's claim of error in the taxation of costs cannot be con-
sidered in the absence of an appeal therefrom.

[4] COSTS (72)—ON APPEAL—APPORTIONMENT. Respondent's costs on
appeal should be limited to the expense of his successful defense
to appellant's claim, eliminating the expense of his unsuccess-
ful assertion of error against him.

Appeal from a judgment of the superior court for
Grant county, Jeffers, J., entered January 31, 1927,
upon findings in favor of a third party claimant to
property attached, after a trial of title to the court.
Affirmed.

*W. M. Nevins,* for appellant.

*T. B. Southard,* for respondent.

PARKER, J.—This controversy is over the ownership
of a quantity of wheat of the value of $1,360, and
arose upon a claim of title thereto made by the Wilson

[1]Reported in 263 Pac. 188.

Creek State Bank, under Rem. Comp. Stat., § 573 [P.
C., § 7843], relating to claims of third persons to prop-
erty levied upon. The wheat was levied upon as the
property of G. F. Payne, the defendant in the main
action, under a writ of attachment issued therein at
the instance of the plaintiff investment company,
wherein it sought recovery of a money judgment
against the defendant Payne; the bank thereupon
making claim of title to the wheat. The question of the
ownership of the wheat came on for trial upon the
merits, in the superior court for Grant county sitting
without a jury, and resulted in findings and judgment
establishing the ownership of the wheat in the bank
as against the attachment claim of the investment com-
pany, from which it has appealed to this court.

The controlling facts, as found by the trial court
and as we think they are supported by the evidence,
may be summarized as follows: Since October 18,
1924, the bank has been the owner of a half section of
wheat land in Grant county. On that day, the bank,
as first party, entered into a contract in writing for
the sale of the land to G. F. Payne, as second party,
for an agreed purchase price of $7,500; he agreeing
to purchase the land at that price. The provisions of
the contract, in so far as they need be here noticed,
are as follows:

"Second party to farm all of said land in a first class
manner, summerfallowing half of said land each year,
and having one half thereof in crop each year, and out
of the proceeds of such crop the taxes are to be first
paid, then enough seed retained to seed all the summer-
fallow on said land, and enough of crop cut to furnish
wheat hay for horses while summerfallowing is done
on said land, and all the rest and remainder of crop
grown thereon to be applied on the interest on purchase
price remaining unpaid, and balance of proceeds to be
applied on principal. In no event is there to be re-

served more than 160 bushels for seed, or 6 tons of hay for stock while summerfallowing is done.

"Second party to harvest the crop at the proper time and manner, do the threshing and haul said wheat to warehouse in Wilson Creek, and warehouse receipts to be issued to first party in its name.

"Interest from date on all deferred payments to be at the rate of six per cent per annum, payable annually.

"First party agrees with second party that all wheat shall be sold not later than December 1st, each year and proceeds applied as above stated. . . .

"It is further understood and agreed that when the full purchase price has been paid, including all taxes, interest and principal, first party will make or cause to be made a good and sufficient warranty deed to said land, conveying title, free and clear of any and all incumbrance thereon.

"Second party to have free and uninterrupted possession and control of said land during the entire time this contract is in force and effect."

Soon thereafter G. F. Payne entered into possession of the land and proceeded in the performance of the contract on his part. On September 10, 1926, G. F. Payne duly assigned in writing all his right, title and interest in and to his contract for the purchase of the land, and all payments and equity therein, to his son, Arthur Payne. The assignment was then assented to by the bank; such assent being evidenced in writing signed by the bank. At the time of the making of the assignment, there was a crop of wheat of approximately one hundred and fifty acres growing upon the land. Within approximately one week after the contract had been so assigned to Arthur Payne, he entered upon the land and harvested the crop, taking possession of the land and the crop, G. F. Payne completely surrendering such possession, other than he was permitted by Arthur Payne to retain his residence upon the land.

On September 28, 1926, this main action was com- menced in the superior court for Grant county by the investment company seeking recovery of a money judgment against G. F. Payne. On the same day, the investment company caused to be issued in the action a writ of attachment against the property of G. F. Payne, and caused the harvested wheat then upon the land to be attached and levied upon as the property of G. F. Payne. Soon thereafter, the bank made claim of title to the wheat under Rem. Comp. Stat., § 573 [P. C., § 7843], by appropriate demand and affidavit, thus duly presenting to the court for trial the question of its ownership of and right to the possession of the wheat as against the investment company's claimed attachment right thereto. On November 23, 1926, judgment was rendered in the main action, awarding to the investment company a money judgment against G. F. Payne in the sum of $3,268. On December 15, 1926, trial upon the issue raised by the claim of owner- ship of the bank in the wheat was had in the superior court for Grant county sitting without a jury, resulting in findings and judgment being made and entered on January 27, 1927, establishing ownership of the wheat in the bank. This is the judgment from which the in- vestment company has appealed.

[1] It is contended in behalf of appellant invest- ment company that the assignment by G. F. Payne of his rights under the land purchase contract to his son, Arthur Payne, was, in legal effect, no more than a bill of sale of personal property, and that possession of the property, so attempted to be conveyed, was not taken by Arthur Payne prior to the levying of the at- tachment, but remained in G. F. Payne; and that, therefore, the attempted conveyance was void for want of timely record or change of possession from G. F. Payne to Arthur Payne as against the claimed attach-

ment right of the investment company, a creditor of Arthur Payne at the time of the making of the assignment. The provision of Rem. Comp. Stat., § 5827 [P. C., § 7747], is invoked in this behalf, reading as follows:

"No bill of sale for the transfer of personal property shall be valid, as against existing creditors or innocent purchasers, where the property is left in the possession of the vendor, unless the said bill of sale be recorded in the auditor's office of the county in which the property is situated, within ten days after such sale shall be made."

We assume for argument's sake, but do not decide, that the assignment by G. F. Payne to Arthur Payne was, in legal effect, a bill of sale for the transfer of personal property, such as must be recorded under Rem. Comp. Stat., § 5827 above quoted, to effectively pass title, in the absence of the vendee taking actual possession of the property from the vendor, in so far as the rights of existing creditors of the vendor are concerned. This leaves for determination the question of the timely possession of the wheat passing from G. F. Payne to Arthur Payne upon the making of the assignment. The evidence, we think, fully warrants the conclusion as found by the trial court, in substance, that, soon after the making of the assignment, Arthur Payne did actually take possession of the land and the crop and harvested the crop, which possession and harvesting occurred within ten days following the making of the assignment by G. F. Payne to Arthur Payne, and several days prior to the levying of the attachment. We do not fail to note that G. F. Payne assisted Arthur Payne in harvesting the crop, but the evidence, we think, as also did the trial court, calls for the conclusion that Arthur Payne assumed possession and entire control over the land and the crop, though

G. F. Payne was permitted to retain his residence upon the land. Thus, we think the record fairly clearly shows that the requirement of Rem. Comp. Stat., § 5827 above quoted, was fully complied with, in that possession of the wheat timely passed from G. F. Payne as vendor to Arthur Payne as vendee.

[2] Contention is also made in behalf of appellant investment company that, at all events, the assignment by G. F. Payne to Arthur Payne was without consideration and in fraud of the rights of the investment company as an existing creditor of G. F. Payne. A reading of the evidence convinces us that the conclusion of the trial court should not be disturbed upon this ground. The consideration for the assignment, as we think the evidence warranted the trial court in viewing it, was the assumption by Arthur Payne of the balance due to the bank upon the land purchase contract, amounting to over $4,000, and the transfer by him to G. F. Payne of his interest, evidently of considerable value, in thirty-five head of horses, twelve sets of harness, three plows, four wagons, three drills, three harrows and one twenty foot Holt combine harvester, which was then the partnership property of G. F. and Arthur Payne.

[3] Counsel for respondent bank made some contention against the final order of the court taxing costs less favorable to respondent than it claims to be entitled to. We find nothing in the record before us indicating that respondent bank has appealed from that order. Therefore, it seems plain that the contention so made in its behalf is not properly before us for consideration.

The judgment of the trial court establishing ownership of the wheat in the respondent bank is affirmed.

[4] The respondent bank is entitled to be awarded its costs and disbursements incurred upon this appeal,

in so far as it has incurred such costs and disbursements in resisting the investment company's appeal; but is not entitled to be awarded costs or disbursements in furnishing its supplemental transcript and printing the concluding pages of its brief, relating to its claim of error of the trial court in taxing costs.

MACKINTOSH, C. J., TOLMAN, MITCHELL, and FRENCH, JJ., concur.