[No. 23382. Department Two. December 17, 1931.]

BANK OF CHEWELAH, *Respondent,* v. HENRY CARTER, *Defendant,* BELLE DODGE, *Appellant.*[1]

*McCarthy & Edge,* for appellant.

*Joseph A. Albi* and *Conyard & Connolly,* for respondent.

MAIN, J.—This action was brought to recover upon a promissory note and to set aside a mortgage which the plaintiff claimed was given in fraud of its rights.

[1]Reported in 5 P. (2d) 1029.

The cause was tried to the court without a jury, and resulted in findings of fact from which the court concluded that the plaintiff was entitled to the relief which it sought. Judgment was entered upon the note, with interest, and it was adjudged that the mortgage should be subordinate to the rights of the plaintiff. From this judgment, the defendant Belle Dodge appeals. The other defendant, Henry Carter, did not appeal.

The facts may be summarized as follows: The respondent, the Bank of Chewelah, is a banking corporation, with its principal place of business at Chewelah, in Stevens county. Henry Carter owns an eighty-acre farm a short distance from Chewelah. For a period of about five years the appellant, Belle Dodge, had been housekeeper for Carter. December 18, 1929, Carter gave his promissory note to the respondent for $3,475, payable on demand. In this note was combined a number of other obligations which Carter owed the bank, of which he had been a customer for a number of years.

In September, 1928, Mrs. Dodge was seriously injured while riding in an automobile driven by Carter. December 2, 1930, Carter gave to Mrs. Dodge a mortgage on his farm in the sum of four thousand dollars. There was a prior mortgage upon it for three thousand dollars, which was held by Carter's mother. The mortgage to Mrs. Dodge was made a short time after Carter had been informed by an officer of the respondent that the bank examiner had instructed that a second mortgage be taken, and, if Carter refused, that action should be begun upon the note. The appellant claims that the mortgage was given to satisfy a balance that was due her for wages which she had earned and which had not been paid, and also to satisfy Carter's obligation to her growing out of the automobile accident. The present action was begun December 9, 1930, a few days after the mortgage to Mrs. Dodge

had been made and filed for record. The eighty-acre farm was worth approximately eight thousand dollars.

The question is whether the mortgage to Mrs. Dodge was made in good faith to satisfy a balance due her for wages and to take care of any obligation that Carter sustained to her by reason of the automobile accident. If the mortgage can be sustained, it must rest largely, if not entirely, upon the testimony of Mrs. Dodge.

Carter was not called as a witness, and this fact properly gives rise to the inference that, if he had been called and had testified truthfully, his testimony would not have supported that of Mrs. Dodge. *Glasgow v. Nicholls,* 124 Wash. 281, 214 Pac. 165, 35 A. L. R. 419.

The trial court did not accept the testimony of Mrs. Dodge as correctly presenting the facts, and made this finding:

"That on or about the 2nd day of December, 1930, the said defendant Henry Carter, for the purpose of delaying and defrauding the plaintiff, the owner and holder of said promissory note, and to prevent it from collecting the aforementioned indebtedness, executed a mortgage on said described real property to the defendant Belle Dodge, his housekeeper, covering a pretended but fictitious indebtedness; that defendant Henry Carter was not indebted to the said Belle Dodge in any sum which would justify the execution of a mortgage, but that there was executed a mortgage running from Henry Carter to Belle Dodge, who was his housekeeper, living alone with Henry Carter, ½ mile from the town of Chewelah, Washington, and that the same was executed for the purpose of consuming the proceeds of the real estate so that the plaintiff would not be able to recover upon its note; that defendant Belle Dodge knew of the indebtedness of Henry Carter to the plaintiff and received the said mortgage and conveyance so made to her with the intent and purpose of allowing Henry Carter to place

the real estate beyond the reach of the plaintiff, and with the intent and purpose of delaying and defrauding the plaintiff and with the intent of hindering the plaintiff in any attempt to collect the indebtedness due from Henry Carter and to defeat any judgment that might be entered on a suit by plaintiff against Henry Carter.''

We see little in this case except questions of fact. From the very nature of a case of this kind, the knowledge of the participants in the fraud must usually be gathered from the various facts and incidents composing a transaction and its surrounding circumstances. *Wilmer v. Placide,* 131 Md. 399, 102 Atl. 541; *O'Hare v. Duckworth,* 4 Wash. 470, 30 Pac. 724. We recognize that the law is to the effect that an insolvent debtor may prefer one or more of his creditors, even if it exhausts the whole of his property to do so; *Roberts v. Washington National Bank,* 11 Wash. 550, 40 Pac. 225; and that there is a presumption in favor of the honesty of a transaction which has been made and carried out.

It would serve no useful purpose to detail here all the various facts and incidents composing the transaction and the surrounding circumstances. The trial court, who heard Mrs. Dodge testify, obviously did not accept her testimony as correctly presenting the facts and disregarded it, and, after a careful reading and consideration of the evidence, we are of the opinion that the trial court's view was correct. If the testimony of Mrs. Dodge is not accepted, then the other facts and circumstances present in the case lead irresistibly to the conclusion that the mortgage in question was made in fraud of the rights of the respondent as a creditor of Carter.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, BEALS, and MILLARD, JJ., concur.