[No. 24737. Department Two. December 21, 1933.]

FRED M. BOND *et al., Respondents,* v. A. A. WERLEY *et al., Appellants.*[1]

*Padden & Moriarty,* for appellants.

*Wright & Wright (Felix Rea,* of counsel), for respondents.

[1]Reported in 28 P. (2d) 318.

HOLCOMB, J.—This appeal is from a judgment in favor of respondents in an action tried to the court in which the relief prayed for was the setting aside of an alleged fraudulent conveyance of real estate in Okanogan county.

Respondents, in their complaint, alleged that, in May, 1932, respondent Fred M. Bond, an attorney at law, obtained a judgment in the superior court of Pacific county against A. A. Werley and wife in the sum of $2,621.15 and $250 attorney's fees; that a return *nulla bona* was made by the sheriff of Pacific county. The judgment was upon a promissory note, which was set up as a counterclaim to an action originally instituted by A. A. Werley against respondents for rent. It is alleged in the complaint that, subsequent to the execution of that note on which the judgment for respondents is based, A. A. Werley and Nora Werley, his wife, began a systematic plan of transferring all of their property, without consideration, to their son, Robert A. Werley.

It is further alleged that, in furtherance of this plan, and to cheat, wrong and defraud their creditors, they conveyed to their son, Robert A. Werley, sundry pieces of property and, in fact, all the property which they owned of any worth or value, all without consideration, and wholly and primarily for the purpose of defrauding their creditors, and particularly that they conveyed to the son the property therein described, which constitutes valuable orchard property. It is further averred that the above mentioned property conveyed by A. A. Werley and wife to their son, Robert, was reasonably worth sixty thousand dollars, subject to a contract of sale made to one E. A. Beaughan, upon which contract five thousand dollars had been paid and the balance was still due; that the fee-title, however, to that property had been transferred by

Werley and wife to Robert Werley, who it is charged is now holding the property in fraud of creditors of A. A. Werley. It is prayed that a decree be entered establishing that Robert A. Werley holds the property on behalf of A. A. Werley and Nora Werley, his wife, and that the judgment of respondents be established as a first and paramount lien against the property, and the property be sold to satisfy their judgment.

Appellants A. A. Werley and wife and Robert Werley answered the complaint separately, each answer alleging the same affirmative defenses. Their affirmative defenses are divided into three sections, all under one defense. The first affirmative defense alleges that the son assumed certain notes which the father owed, one, a note made in 1915, for $1,224.50, the other for $7,610. The second affirmative defense in both answers is that Robert Werley agreed to supply and maintain a home for his mother, one of appellants, for the rest of her life, because of the failing health and financial condition of appellant A. A. Werley. The third affirmative defense is that appellant Robert A. Werley is the only son of appellants A. A. Werley and wife, and they had intended, desired and promised to give him a college education, which, because their financial condition became such in 1929 that it was impossible to fulfill that promise, they had therefore deeded this land to him.

The trial court found against the second and third affirmative defenses as well as against the first, but no contention is made on this appeal as to the validity of the second and third defenses, which may be considered abandoned, probably because the second would be untenable under Rem. Rev. Stat., § 5824 (*Allard v. La Plain,* 152 Wash. 211, 277 Pac. 843), and the third because it could not be considered as anything but a

gift, without consideration. See *Schaffer v. Stever,* 153 Wash. 116, 279 Pac. 390.

After making certain uncontested findings, the trial court found the following:

"That subsequent to the execution of the note on which the judgment of the plaintiffs is based, the defendants, A. A. Werley and Nora Werley, his wife, began a systematic plan of transferring all of their property, without consideration, and conveying the same away; that the most valuable part of the property they conveyed to their son, Robert A. Werley, without consideration.

"That in furtherance of this plan, and to cheat, wrong and defraud their creditors, and particularly the plaintiffs in this action, they conveyed to their son, Robert A. Werley, all of the property which they owned of any value or worth, and, as aforesaid, without consideration, and wholly and primarily for the purpose of defrauding their creditors, and more particularly the plaintiffs in this action, and particularly they conveyed unto their son, Robert A. Werley, the following described property in Okanogan county, Washington, to-wit:

"Lots 12 and 13, Block 'B,' Ellis-Forde Orchard Company's Plat No. 1, and

"Lots 11, 12 and 13, Block 'C,' Ellis-Forde Orchard Company's Plat No. 1.

"That the fee title to said property remained in A. A. Werley and Nora Werley, his wife, but, as before found, they, in order to cheat, wrong and defraud their creditors, or the plaintiffs in this action, conveyed their remaining interest of $55,000 in the contract to their son, Robert A. Werley, when threatened with suit by the plaintiffs upon their note. However, as before suggested in the preamble to these findings, E. A. Beaughan and wife were innocent purchasers and purchased in good faith under their contract and took possession of said property on or about August 30, 1929, and are still in possession and their rights under their contract of purchase are entitled to be preserved. . . .

"The defendants, A. A. Werley and wife, and son, Robert A. Werley, likewise contend in their answer that the defendants, Werley and wife, were owing two notes, one for $7,610 and one for $1,224.50 to certain nieces or relatives of the defendant, A. A. Werley, and that when the transfer was made by said A. A. Werley and wife to their son their son assumed these obligations as part of the consideration for the transfer. This court finds, however, that said Robert A. Werley did not assume said obligations; that there was no competent evidence introduced in this cause to cause this court to believe that said Robert A. Werley assumed said obligations or that the debtors agreed to take Robert A. Werley for said debt, but if such assumption by Robert A. Werley could be considered that those creditors could not be preferred as against the plaintiffs herein.

"That the defendants, A. A. Werley and wife, and son, Robert A. Werley, likewise contend that as additional consideration for said transfer the defendant, Robert A. Werley, agreed to support and supply his mother, Nora Werley, with a home for the rest of her life, but this court finds there is no credible evidence to believe that any such arrangement was made, but if the same was made it was in violation of statute and law and wholly void as against the creditors of the defendants, A. A. Werley and wife, and particularly the plaintiffs herein. . . .

"The defendants Werley further contend that at the date of the transfer of said property from A. A. Werley and wife, to their son, it was much depreciated in value and did not exceed the consideration paid therefor by Robert A. Werley. This court finds, however, that said contention is not sustained; that the property was worth a considerable sum of money and is worth much more than any consideration passing from Robert A. Werley, and, in fact, this court finds there was no consideration passing from Robert A. Werley at all that was a valid consideration as against the plaintiffs herein, and the court finds that said Robert A. Werley was nothing more than a volunteer in that transaction."

Based upon its findings, the trial court made the following conclusions of law which are contested:

"That the plaintiffs are entitled to a decree adjudging and decreeing that that certain deed or conveyance from A. A. Werley and wife to Robert A. Werley, purporting to convey the following described property, to Robert A. Werley, in Okanogan county, Washington, to-wit:

"Lots 12 and 13, Block 'B,' Ellis-Forde Orchard Company's Plat No. 1, and

"Lots 11, 12 and 13, Block 'C,' Ellis-Forde Orchard Company's Plat No. 1,

be set aside and held for naught, and inferior and junior to the plaintiffs' judgment in that certain cause No. 7749 in the superior court of Pacific county, Washington, wherein the plaintiffs in this action recovered a judgment against the defendants A. A. Werley and Nora Werley, his wife, and establishing and decreeing that the property is the property of A. A. Werley and Nora Werley, his wife, and that the same is subject to the lien of the judgment of the plaintiffs in the said cause No. 7749 in the superior court of Pacific county, Washington; save and except that the decree herein to be entered shall preserve unto the defendants E. A. Beaughan and wife their rights under their contract of purchase. That insofar as the property is concerned, the same shall be subject to execution and sale under such process as may be issued out of the superior court of Pacific county, Washington, according to law. That plaintiffs are entitled also in their decree to a decree establishing their attachment sued out in the superior court of Pacific county, Washington, in cause No. 7749, as a good and valid attachment against the property and as against all the rights or claimed rights of the defendants Werley.

"That the plaintiffs further are entitled to judgment for their costs and disbursements in this action expended, by the clerk of this court to be taxed, against the defendants A. A. Werley and Nora Werley, his wife, and Robert A. Werley and each of them."

Appellants make fifteen assignments of error, the last one of which is not argued and will not be here discussed. Ten of the assignments of error, which involve the general question of the sufficiency of the evidence to sustain the findings, conclusions and decree, are argued together.

The chief contention of appellants is that there was no evidence except that of appellants, which was introduced by respondents, examining them as adverse witnesses, upon which to base findings that the transfer in question was fraudulent. It is earnestly insisted that fraud must be proven by the party charging it by clear and convincing evidence, and the presumption is in favor of the honesty of the transaction. *Rohrer v. Snyder,* 29 Wash. 199, 69 Pac. 748; *Smith v. Doty,* 91 Wash. 315, 157 Pac. 881; *Scouse v. Alaska & Yakima Investment Co.,* 94 Wash. 250, 161 Pac. 1189; *Bank of Chewelah v. Carter,* 165 Wash. 663, 5 P. (2d) 1029.

In connection with this contention, it is asserted that this court has enunciated the following propositions of law: (1) The fact that the grantor is insolvent at the time of the conveyance does not avoid the conveyance. (2) A failing or insolvent debtor may prefer his creditors, and the fact that he does prefer a relative does not change the rule. (3) The fact that the grantor placed a higher valuation on the property at one time than the consideration given is not controlling. (4) The fact that the consideration is a past consideration or indebtedness is of no consequence. (5) The principle inquiry in these cases is "Was the transaction made in good faith?" *Western Investment Co. v. Payne,* 146 Wash. 361, 263 Pac. 188; *Puget Sound National Bank v. More,* 159 Wash. 5, 291 Pac. 1081.

It is true that all of the above propositions have been declared by this court as the rules governing in

this state. However, the question is always one of good faith, and no case cited by appellants holds to the contrary.

An examination of the record discloses that the transfer was made by Werley and wife to the son, Robert, on November 24, 1930, about one year after the property had been sold to Beaughan for sixty thousand dollars. There is ample and competent evidence that the value of the land at the time it was transferred to the son was not less than thirty-five thousand dollars. Respondents, through Mr. Bond, had personally demanded payment of the note, in Okanogan county, when both father and son were present. Payment was refused, but Bond forebore action until he was sued, when he counterclaimed. The indebtedness alleged to have been assumed by the son as the consideration for the transfer to him, consisted of one alleged debt to a niece for the sum of $7,610, with interest at eight per cent per annum; and the other, to another niece in the sum of $1,224.50, with interest at six per cent per annum.

Appellants attempted to introduce copies, made by themselves, of these notes, which were dated December 12, 1930, about three weeks subsequent to the transfer to the son. The trial court properly rejected the copies of the notes because they were merely secondary evidence without any satisfactory explanation of the failure to produce the originals. *Roslyn v. Pavlinovich,* 112 Wash. 306, 192 Pac. 885.

Two letters from the nieces, both dated after the transfer, were properly rejected, since they were purely hearsay, as well as self-serving. *Peterson v. Mohammed,* 113 Wash. 117, 193 Pac. 215.

There was, therefore, as the trial court stated, no competent evidence of any assumption of the two

debts by the son, Robert, or the acceptance by the creditors of such assumption.

The two nieces were not present at the trial, nor were their depositions taken. Accordingly, the presumption is that, had they testified, either personally or by deposition, and testified truthfully, their testimony would not have been favorable to appellants. *Bank of Chewelah v. Carter, supra.*

 This whole matter involves principally questions of fact, which the trial judge, having appellants as witnesses before him, was in a better position to know what to credit, or discredit, of their testimony.

"It is a well-established principle of law that neither courts nor jurors are bound by the uncontradicted testimony of an interested party when such testimony, upon being carefully weighed, does not commend itself as worthy of belief." *Gosline v. Dryfoos,* 45 Wash. 396, 88 Pac. 643.

Cf. *Moore v. Roddie,* 103 Wash. 386, 174 Pac. 648.

 The conditions and circumstances of this case closely resemble those in *Reed v. Loney,* 22 Wash. 433, 61 Pac. 41. In that case, the opinion in which is much too long to set out in the proper limits of this opinion, the judgment of the trial court, setting aside, as in fraud of creditors, a transfer by parents to a son, was affirmed by this court. There, among other things, it was held that, although there may be no direct proof of knowledge of fraud on the part of the grantees to a fraudulent conveyance, they must be held chargeable with such notice as to put them on inquiry, when it appears that the conveyance was made to the grantees by their father, attempting to pass to them all his property, in face of an impending judgment for a considerable sum on account of lands purchased for another son, and that the grantees parted with

nothing of value on taking the conveyance. See, also, *Butler v. Arnold,* 115 Wash. 204, 196 Pac. 582.

In *Walker v. Zaugg,* 140 Wash. 127, 248 Pac. 81, we held that, where there was evidence showing that the property was transferred for a fraction of its real value at a time when respondent was pressing payment of its claim, the facts were ample to sustain the decree of the court setting aside the conveyance as to creditors.

The above cases rather closely fit this case. Even though the alleged indebtedness of about nine thousand dollars was assumed by the son, it was a very inadequate consideration for the transfer of the property worth thirty-five thousand dollars at that time, and showed a lack of good faith between the parties.

The issues of law and fact in this case differ from those in *Butler v. Arnold, supra,* and appellants are not entitled to the partial relief there granted.

What has been said, in effect, determines all of the errors claimed by appellants.

After reviewing the entire record, we consider the findings, conclusions and decree of the trial court correct, and must be, and are, affirmed.

BEALS, C. J., TOLMAN, BLAKE, and GERAGHTY, JJ., concur.