[No. 14328.   Department Two.   April 3, 1918.]

DAVID ROBINSON *et al., Respondents,* v. AGNEW-COPPING
REALTY & INVESTMENT COMPANY, *Appellant,*
C. R. WILSON *et al., Defendants.*[1]

FRAUDULENT CONVEYANCES — BETWEEN HUSBAND AND WIFE—COM-
MUNITY PROPERTY—RIGHTS OF CREDITORS—"EXISTING EQUITY."  The
husband's contingent liability upon a lease, upon which no rent was
due at the time, is an "existing equity" in favor of creditors, within
Rem. Code, § 8766, providing that gifts or conveyances of community
property from a husband to his wife are valid, except as to "any ex-
isting equity in favor of creditors," at the time of such gift or con-
veyance.

Appeal from a judgment of the superior court for
Lewis county, Card, J., entered January 9, 1917, upon
findings in favor of the plaintiffs, in garnishment pro-
ceedings, tried to the court.   Affirmed.

*C. D. Cunningham* and *George Dysart,* for appellant.
*Forney & Ponder,* for respondents.

MOUNT, J.—This appeal is from a judgment in a
garnishment proceeding.   The trial court adjudged
that 247 shares of stock of the Agnew-Copping Realty
& Investment Company, a corporation, were the com-
munity property of S. A. Agnew and wife, and were
subject to be sold to satisfy a judgment in favor of the
respondents against Agnew and wife.

The facts are substantially as follows:   In the year
1914, Agnew and one Wilson entered into a lease with
respondents for what is known as the Wilson Hotel, in
Centralia.   This lease was for a period of five years,
commencing in November, 1914, at a monthly rental
of $400 for the first year, and a monthly rental of $425
for the succeeding years.   Agnew and Wilson occupied
the hotel under the lease, and paid the rent until Feb-

[1]Reported in 171 Pac. 1057.

ruary, 1916, when payment was discontinued. In December of 1915, Agnew and wife and one Copping formed the corporation which is the appellant in this case, the Agnew-Copping Realty & Investment Company, with a capital stock of 250 shares of the par value of $100 each. At the time this company was formed, Agnew was solvent. He owned separate property of the value of about $25,000. This property was all turned over to the Agnew-Copping Realty & Investment Company in payment for 248 shares of the stock of the corporation. These shares of stock were issued to Mr. Agnew. The other two shares of stock were held, one by Mrs. Agnew, and the other by Mr. Copping. Thereupon Mr. Agnew gave 247 shares of the stock to Mrs. Agnew. This stock was turned over by Mr. Agnew to his wife without any consideration. Before the Agnew-Copping Realty & Investment Company was formed, the Wilson Hotel was financially embarrassed and the lessees were having trouble with the respondents concerning the leased premises. In October, 1916, respondents recovered a judgment for $4,250, on account of rent, against Agnew and wife and Wilson and wife. On October 11th of the same year, an execution was issued upon that judgment and returned wholly unsatisfied. Thereafter a writ of garnishment was served upon the Agnew-Copping Realty & Investment Company. It was claimed that the stock of that company standing in the name of Mrs. Agnew was community property of Agnew and wife and subject to execution as such. The trial court so found, and this appeal followed.

The appellant insists that, because Agnew was the owner of the stock as his separate property at the time it was issued to him, he had a right to give it to his wife, and that the gift to his wife made the stock her separate property, and therefore not subject to the

debts of the community or the separate debt of Mr. Agnew.

We think this case is controlled by the rule in *Sallaske v. Fletcher,* 73 Wash. 593, 132 Pac. 648, Ann. Cas. 1914D 760,. 47 L. R. A. (N. S.) 320. The facts in that case are very similar to the undisputed facts in the case before us, the only difference being that the plaintiff's husband in that case was adjudged a voluntary bankrupt soon after the original judgment was rendered. In that case it was argued that there was no existing equity at the time of the transfer of the property of the appellant to his wife. We there said:

"The only question involved in this appeal is, Did the respondents Fletcher and Stebbins have an existing equity by reason of the lease at the time the conveyance was made to the appellant on May 9, 1911, so that the conveyance was as to them fraudulent and void."

Then, after discussing the question, we concluded:

"It is obvious that under our statute the motive actuating the voluntary conveyance to the other spouse is immaterial. Even assuming, therefore, as counsel would have us assume, that existing debts and existing equities are synonymous terms, this statute would be in effect the same as those statutes directed against fraudulent conveyances generally under which, without regard to the actual motive of the donor, voluntary conveyances are universally held void as to existing creditors the collection of whose debts they hinder or delay. Under such statutes, the act of voluntary conveyance itself is conclusive evidence of fraud. 'The intent is presumed from the act.' Bump, Fraudulent Conveyances (4th ed.), § 242."

We there held that community property conveyed to the wife was void as to existing equities and was subject to a community debt.

The appellant here argues that, because the court made no finding that the stock was conveyed by Agnew

to his wife in fraud of creditors, we must presume that the court did not find that the property had been conveyed in fraud of the rights of creditors. It is true the court made no finding of fraud, but he found that the transfer of the stock by Mr. Agnew to his wife made the property, under the circumstances, community property because it was acquired by the wife subsequent to the marriage. Whether the court was strictly correct upon this question we need not determine, for it is plain that the stock was transferred by Agnew to his wife in order to avoid any liability upon the lawsuit which he then saw was imminent. He conveyed the stock to his wife without any consideration. Under the *Sallaske* case, *supra,* the property conveyed was clearly subject to the separate debt of Mr. Agnew and of the community. The respondents, at that time, had existing equities, and we think it is apparent from the record that the transfer of this stock was solely for the purpose of avoiding these equities and placing the property of Mr. Agnew where it could not be reached by execution. We are satisfied, therefore, that the trial court properly subjected this stock to the payment of the judgment.

The judgment appealed from is therefore affirmed.

ELLIS, C. J., HOLCOMB, and CHADWICK, JJ., concur.