[No. 14351.   Department Two.   April 3, 1918.]

DAVID ROBINSON *et al., Appellants,* v. W. B. RICHARDS *et al., Respondents,* C. R. WILSON *et al, Defendants.*[1]

FRAUDULENT CONVEYANCES—NOTICE OF FRAUD — EVIDENCE—SUFFI-CIENCY. A sale of hotel furniture by insolvents, against whom judg-ment had been recovered a few days before, is shown to be fraudu-lent as to creditors, to the knowledge of the purchaser, where it ap-pears that he knew of a pending suit and was an intimate friend of the vendors, who made the arrangements at a bank to borrow money to pay for the furniture and guaranteed the loan, although the pur-chaser had money of his own he could have used for that purpose.

Appeal from an order of the superior court for Lewis county, Card, J., entered January 10, 1917, upon find-ings in favor of the garnishee defendant, dismissing garnishment proceedings. Reversed.

*Forney & Ponder,* for appellants.

*Geo. Dysart* and *C. D. Cunningham,* for respondents.

MOUNT, J.—This appeal is from an order of the lower court releasing a garnishee defendant. The gar-nishee defendant is one who was garnished in the case of *Robinson v. Agnew-Copping Realty & Inv. Co.,* re-ferred to on *ante* p. 651, 171 Pac. 1057, and tried upon the same record.

In October, 1916, after a judgment had been ren-dered in favor of the appellants and against Wilson and wife and Agnew and wife and the Hotel Wilson, Incorporated, Mr. Agnew, acting for the Hotel Wilson, Incorporated, sold all the furniture in the hotel to the respondent W. B. Richards for the price of $4,000. The trial court found that the sale was a *bona fide* sale, and therefore dismissed the writ of garnishment. The judgment creditors have appealed.

[1]Reported in 171 Pac. 1058.

It appears that Mr. Richards, at the time in question, was engaged in running a pool hall. Mr. Agnew, after the judgment was obtained against him and his wife and the Hotel Wilson, agreed to sell this furniture to Mr. Richards for $4,000. Mr. Richards went to the bank with Mr. Agnew, who borrowed the money from the bank to pay for the furniture. Mr. Richards signed the note, but did not know its terms and did not hear the conversation between Mr. Agnew and the bank cashier concerning the loan. Mr. Agnew made all the arrangements for borrowing the money and for securing the payment of the note. Mr. Agnew and his wife, while they did not sign the note, guaranteed its payment by separate writing. Mr. Agnew testifies that he received the money from the bank upon Mr. Richards' note, and that he paid the debts of the Wilson Hotel Company, of which he was the principal creditor.

While the trial court concluded that Mr. Richards had purchased the furniture in good faith, we are convinced, from a reading of the record, that the transaction was wholly fraudulent. It is true that the record shows that Mr. Richards was peculiar in the manner of his doing business, that he did not do business through the banks, and that he did not keep his money in the banks. He was well to do. Mr. Richards, of course, knew of the lawsuit which was pending between the appellants and Mr. Agnew. They were intimate friends of long standing. He testifies that he did not know of the judgment which had been obtained a few days before. He was not acquainted with the character of the furniture. Mr. Agnew made the arrangement at the bank for the money with which Mr. Richards could pay for the furniture, although Mr. Richards, at that time, had money of his own which he could have used for that purpose. Mr. Agnew and his wife guaranteed

the payment of the note upon which the money was procured for the purchase of the furniture. We are satisfied that Mr. Agnew, at the time he made the sale of the furniture, was endeavoring to cover up his property so that these appellants could not realize upon their judgment against him, and we are also satisfied that he explained the situation fully to Mr. Richards. It was natural that he should do so, even though the testimony does not expressly show it. We are of the opinion, therefore, that the trial court erred in concluding that the sale was a good-faith transfer.

The judgment of the trial court is therefore reversed, and the cause remanded with instruction to the lower court to enter a judgment subjecting this property to the judgment of the appellants against Agnew.

ELLIS, C. J., HOLCOMB, and CHADWICK, JJ., concur.