[No. 21695.   Department One.   May 16, 1929.]

ANNIE ALLARD, *Respondent*, v. LILLIE A. LA PLAIN *et al., Appellants.*[1]

[1]Reported in 277 Pac. 843.

212

*Sather & Livesey* and *R. W. Greene,* for appellants.

*F. M. Hamilton* and *H. C. Thompson,* for respondent.

HOLCOMB, J.—This suit was brought by the creditor on a judgment based upon a judgment in favor of the creditor in the state of Maine to set aside, as fraudulent, a transfer of property made within four months prior to an adjudication in bankruptcy.

The pleadings of appellants are so voluminous as to make it inadvisable, within the proper limits of this opinion, to set them forth. The pleadings of respondent were attacked by demurrer and motions on the part of each appellant, which demurrers and motions were overruled by the trial court, and findings and a decree were entered based upon allegations in the pleadings and the oral testimony of appellant Roeder.

The findings were not excepted to by any of the parties, and are, therefore, conclusively, the facts in the case. For a proper understanding of the case, a summary of the findings is here made:

After finding that the Maine judgment had been obtained in favor of respondent in the sum of $10,750, which had become final, it was then found that, on January 11, 1926, appellant La Plain was not indebted to appellant Roeder in any amount whatever, and on

that date La Plain turned over to Roeder the sum of $20,384 and the contract set forth in a paragraph of the complaint was then executed, and there was no other or additional consideration for the transfer of the money other than as set forth in the contract; that Roeder had, since about 1924, advised La Plain on several business transactions and had made some loans for her, and on several occasions prior to January 11, 1926, La Plain had informed Roeder of the fact that respondent had recovered judgment against her in Maine; that, on January 11, 1926, La Plain had no property whatever, other than inconsequential personal effects, than the money then transferred to Roeder; that, on January 12, 1926, immediately after the execution of the contract with Roeder, La Plain filed a voluntary petition in bankruptcy in the United States district court for the western district of Washington, listing respondent herein as her only creditor, by reason of the Maine judgment, in the sum of $10,750.90, and listing, as her sole and only assets, a small parcel of land in Maine of the probable value of $300 and wearing apparel in the sum of $150; that, at the first meeting of creditors in the bankruptcy proceedings held in February, 1926, La Plain informed the bankruptcy court of her contract of January 11, 1926, with Roeder, and mentioned the contract in connection with that hearing, and that, at an adjourned hearing in the bankruptcy matter about March 1, 1926, respondent appeared by her attorney, who cross-examined La Plain relative to the contract; that, about February 2, 1926, respondent instituted suit in the superior court of Whatcom county against La Plain upon the Maine judgment, claiming that the recovery was for a wilful and malicious injury not dischargeable in bankruptcy; that, on the same day, she instituted a suit in the superior court of Whatcom county against the two ap-

pellants herein, for the purpose of having the contract of January 11, 1926, between appellants set aside as fraudulent and void; that temporary restraining orders were entered by the United States district court restraining the prosecution of both of those cases pending the further order of that court; that Howard C. Thompson was appointed trustee in bankruptcy for appellant La Plain, and that F. M. Hamilton acted as his attorney, and that, on May 19, 1926, respondent duly filed her claim against La Plain in the bankruptcy proceedings, and that such claim was thereafter allowed by the referee in bankruptcy; that, on about May 21, 1926, Thompson, as such trustee in bankruptcy, instituted suit in the superior court of Whatcom county against Roeder for the purpose of having the contract of January 11, 1926, declared fraudulent and void, which suit was dismissed by order of the United States district court; that, shortly after such dismissal, Thompson, as trustee in bankruptcy, instituted a suit in the United States district court against Roeder, for the purpose of having the contract of January 11, 1926, declared fraudulent and void as to creditors, and that that suit was dismissed on April 6, 1927, pursuant to an order of the district court; that the restraining orders above mentioned were set aside and vacated on stipulation of attorneys for respondent and appellant La Plain, and the suit instituted by the respondent in the superior court of Whatcom county against the two appellants herein on February 2, 1926, was dismissed over the objection of appellant La Plain, without prejudice to the rights of either of the parties; that, in July, 1926, the United States district court entered an order permitting respondent to withdraw her claim on the Maine judgment from the bankruptcy proceedings, which order was entered without objection on the part of appellant La Plain, and it was

stipulated between respondent and appellant La Plain that the issues raised in the suit instituted by respondent against La Plain in the superior court of Whatcom county in the case instituted on February 2, 1926, should be settled in such suit, and such proceedings were thereafter had that the cause was submitted to a jury in March, 1927, and thereafter, on April 9, 1927, a judgment was regularly entered in the superior court of Whatcom county in that cause in favor of respondent and against appellant La Plain, based upon the Maine judgment for the balance remaining unpaid on that judgment in the sum of $7,585.73, with interest from March 29, 1927, and the further sum of $40 and costs, and that such judgment is final and in full force and effect.

It was also found that, on January 10, 1927, appellant La Plain filed her petition for discharge in bankruptcy, and, as a part thereof, filed her affidavit, and that the hearing on her petition for a discharge was set for February 21, 1927; that, on February 11, 1927, Thompson, as trustee in bankruptcy, filed his petition in the bankruptcy proceedings, asking that appellant La Plain be denied a discharge in bankruptcy and that appellant Roeder be required to turn over a sum of money to the trustee, and that, thereafter, on February 21, 1927, the bankruptcy court duly entered an order discharging appellant La Plain from all her provable debts except such debts as are not dischargeable in bankruptcy.

It was found that, upon the trial herein, appellant Roeder testified that all of the money turned over to him by appellant La Plain was her money, and that he did not claim any interest in it, and that the entire agreement between him and appellant La Plain was evidenced by the contract of January 11, 1926.

It was further found that all of the property, or right of property, involved in this action, was possessed by appellant La Plain on January 11, 1926, immediately before her adjudication in bankruptcy on January 12, 1926; that the judgment in favor of respondent against La Plain was entered April 9, 1927, · subsequent to the discharge in bankruptcy of appellant La Plain on February 21, 1927, and that this action was instituted on April 22, 1927.

Upon the foregoing findings, appellants proposed conclusions of law to the effect that the bankruptcy court had sole and exclusive jurisdiction over the assets, contracts, and rights of property of appellant La Plain, held prior to January 12, 1926, and that the trustee in bankruptcy alone could bring suit to set aside the contract of January 11, 1926, between appellants, as being in fraud of creditors; that appellants and each of them are entitled to have this action dismissed and recover judgment for their costs; that respondent is barred from prosecuting this action.

These conclusions, refused by the court, contain the essence of the contentions of appellants on this appeal. Likewise, the entire merits involved in this matter dispose of the claims of error of appellants in the denial of their motions and the overruling of their demurrers, by the trial court.

The contract of January 11, 1926, set forth in respondent's complaint was one entered into between appellant La Plain and appellant Roeder, whereby, in consideration of $20,384 then paid to Roeder, he agreed to support Mrs. La Plain for the balance of her life and, upon her death, to transport her body to Maine for burial.

The Maine judgment, referred to in the findings of the trial court, was before us, to test its validity, conclusiveness and effect, in *Allard v. La Plain*, 147 Wash.

497, 266 Pac. 688. We there held, among other things, that a judgment for damages for wilfully and maliciously alienating the affections of a husband, is one that is not dischargeable in bankruptcy, under U. S. Code Title 11, § 35. We further held that the filing of a claim in bankruptcy on a judgment recovered for wilful injury to the person, does not waive the provisions of the Federal law exempting such liabilities from the discharge by the decree in bankruptcy.

While the contentions and arguments of counsel for appellants are forceful, they are so elaborate and intricate that it is difficult to follow them.

■ It must be conceded, as settled, that the claim of respondent on the Maine judgment is one not dischargeable in bankruptcy. Also, that the filing of the claim in bankruptcy on that judgment did not waive the provision of the Federal bankrupt act exempting such liabilities from discharge by the decree in bankruptcy.

■ It cannot be successfully contested that the contract set out in respondent's complaint is not void under the conclusive facts, both at common law (*Robinson v. Richards,* 100 Wash. 655, 171 Pac. 1058) and by our statute, Rem. Comp. Stat., § 5824, which is:

"All deeds of gift, all conveyances, and all transfers or assignments, verbal or written, of goods, chattels, or things in action, made in trust for the use of the person making the same, shall be void as against the existing or subsequent creditors of such person."

Hence, appellant Roeder having actual and constructive knowledge of the fraudulent intent of the vendor, the conveyance or transfer is void and of no avail in him as against the valid claims of the creditors of his grantor La Plain. *Armstrong v. Armstrong,* 100 Wash. 270, 170 Pac. 587.

■ Respondent being a creditor having a valid claim against appellant La Plain, to the extent of that claim, Roeder has no valid, assertable right, or interest in the property.

The judgment is conclusive as between the judgment creditor and the judgment debtor of an indebtedness existing at the date of the judgment, and *prima facie* evidence of the same fact as between the judgment creditor and the grantee of the judgment debtor. *Eggleston v. Sheldon*, 85 Wash. 422, 148 Pac. 575.

Roeder, therefore, under his evidence and under the law, has no claim or interest that he can assert to the extent of respondent's judgment in the property transferred to him. Consequently, our only concern is the right of appellant La Plain in the property to the extent of the amount of the claim of respondent under the record.

■ The gist of appellant's entire contentions and arguments, is that respondent's claim was allowed in bankruptcy court and that the bankruptcy court discharged appellant La Plain in bankruptcy, which orders were final and conclusive.

These contentions are based upon the erroneous assumption that the record presented shows that respondent's claim was finally allowed in bankruptcy.

The findings controvert that assumption. The findings show that the claim was presented by respondent to the bankruptcy court, but was permitted to be withdrawn by that court, which therefore made it as if it had never been presented or allowed. The authorities cited by appellants do not apply to such a state of facts.

■ The assumption that the discharge in bankruptcy was final is equally erroneous. The discharge granted by the bankruptcy court was only a conditional

one, evidently having in view the nature of the claim of respondent against appellant La Plain, showing that it was not a dischargeable claim because the bankruptcy court discharged appellant La Plain only from all debts dischargeable in bankruptcy. That the claim of respondent is not one dischargeable in bankruptcy has been conclusively established. That respondent did not waive that question by presenting her claim to the bankruptcy court has also been conclusively established.

"Section 1 of the bankruptcy act defines a discharge as 'the release of a bankrupt from all of his debts which are provable in bankruptcy, except such as are excepted by this act.' Section 14 of the amended act, which was applicable to the second proceedings, provides that after due hearing the court shall discharge the bankrupt, unless he has committed one of the six acts specified in that section. Section 17 of the amended act provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, with four specified exceptions, which do not cover this case." *Bluthenthal v. Jones,* 208 U. S. 64.

The situation therefore is that appellant La Plain listed, as her sole and only creditor, respondent in this case; and when respondent withdrew her claim, by permission of the bankruptcy court, there was no claim pending in that court. Under the bankruptcy act, the claim of respondent in this case is one which would not be, and was not, released by a discharge. There was therefore no subject-matter upon which the bankruptcy court had the jurisdiction to act. *In re Maples,* 105 Fed. 919.

Under such circumstances, the trustee in bankruptcy would have no jurisdiction to bring an action to set aside the fraudulent transfer between appellants, and the only person having the right so to do was respondent. *Eggleston v. Sheldon, supra.*

Between the parties and their privies the contract was valid, as if untainted with a covinous intent and founded on an adequate consideration. *Eggleston v. Sheldon, supra.*

It follows that the surplus, to the extent of the amount necessary to satisfy the valid claim of respondent, belongs to the bankrupt. *Johnson v. Norris,* 190 Fed. 459, L. R. A. 1915B, 884; *Robertson v. Howard,* 82 Kan. 588, 109 Pac. 696.

We conclude that, upon the merits, all questions are decided by the foregoing discussions that the findings and decree of the trial court were correct and must be affirmed.

Affirmed.

MITCHELL, C. J., TOLMAN, FULLERTON, and BEALS, JJ., concur.