[No. 29016.    Department Two.    June 12, 1943.]

MARTHA CARROLL, *Appellant,* v. BERT CARROLL *et al.,*
*Respondents.*[1]

*Horrigan & Horrigan* and *Moulton & Powell,* for
appellant.

*Edward A. Davis,* for respondent.

GRADY, J.—This action was brought by Martha
Carroll against Bert Carroll, her former husband, and
Kim McClain, his sister, to set aside a deed given to
Mrs. McClain by Mr. Carroll and to have it decreed
that a certain sum of unpaid alimony and maintenance
for a minor child is a lien upon the real estate described
in the deed.   The case was tried before the court with-
out a jury, and a judgment and decree was entered dis-
missing the action and decreeing that title to the real

[1]Reported in 138 P. (2d) 653.

estate involved was vested in Mrs. McClain, free and clear of any right, title, or interest therein of the plaintiff, from which she has taken this appeal.

The evidence consists of certain documents and the depositions of the respondents taken in the state of California. This being an equity case, no formal findings of fact were made. The written decision of the trial judge has been made a part of the statement of facts. The material facts, as disclosed by the record, are as follows:

Respondent Bert Carroll was, on January 4, 1940, awarded an interlocutory order of divorce from appellant by the superior court for Franklin county, Washington. Appellant was given the custody of their minor child and was awarded the sum of twenty-five dollars a month for the maintenance and support of herself and child until further order of the court. The order was subsequently modified on April 7, 1941, increasing the award to thirty-five dollars a month for a period of one year from January 1, 1941. Other awards were made to appellant which are not material here. The real estate involved, located in Franklin county, was awarded to respondent, also an automobile and certain other personal property, and the appellant was ordered to execute to him a quitclaim deed to an equity in a tract of real estate in the state of Colorado. A final decree was entered July 9, 1940.

The respondent is a retired railroad employee and is the beneficiary of a life pension in the sum of $107.83 a month. It is alleged in the complaint, and denied only on information and belief in the answer, that the pension benefits include hospitalization and medical services.

On December 6, 1940, the respondent, by warranty deed, conveyed the Franklin county real estate awarded to him to respondent Kim McClain, a resident of California. The deed expressed a cash con-

sideration of thirty-one hundred dollars, but, in fact, no money was paid by the grantee to the grantor. This was all the real estate the respondent then owned in the state of Washington. The pension of respondent, by 45 U. S. C. A., § 228-L, is immune from garnishment, attachment, or other legal process.

About December 15, 1940, the respondent left the state of Washington and went to California with the intention of becoming a resident of that state. Both respondents testified, by depositions taken at the instance of appellant, that, prior to the giving of the deed, they had an agreement, evidenced by correspondence between them (none of which was produced for inspection), that, if respondent Carroll would deed the real estate to the sister, she would make a home for both of them and take care of him for the rest of his life, the plan being that the deeded property would be traded by her for a home in California. The respondent was to fix up the property thus acquired and help his sister pay for their food, as well as other incidental expenses.

Mrs. McClain, a widow, had no other property, was not employed, and had no income. She had resided with her daughter and a sister. When the respondent arrived in California, he took up his abode in the home of Miss Carroll, the sister with whom Mrs. McClain lived. The family was then composed of respondent, his two sisters, and a daughter of Mrs. McClain's. The respondent paid no rent as such, but paid Miss Carroll what he called a board bill, which, he stated, amounted to more than rent, as well as the living expenses of Mrs. McClain and her daughter. This arrangement appears to have continued until August, 1941, when Mrs. McClain went to the home of her other daughter, who was ill, and remained there until the daughter's death in May, 1942. During her absence, respondent resided with a brother, with whom he shared the rent and living expenses. The deposition of Mrs. McClain

was taken May 11, 1942, soon after she returned from taking care of her daughter, and, when asked about her future plans, she testified:

"Q. Are you planning on getting a home in Long Beach again? A. Yes, I am going to try to. I am kind of waiting to get this settled and we thought we would trade it in on something maybe out where it is more quiet and a smaller place or something. Q. Is it your intention to have your brother reside with you? A. Oh, yes. Q. What arrangements have you made, if any, for your brother paying for any part of the upkeep of a home, such as installment payments or rent or paying for groceries or matters of that kind? A. Well, of course, if I have the home he will look after it. Of course, I don't have anything. That is what he said. I don't have a penny. That is why he said he would fix it up so I would have a home and he would help me pay for our eats and things like that, if I would take care of him."

At the time of the commencement of this action, the respondent was in arrears in the payment of alimony and maintenance for the months of January to April, 1941, inclusive, in the sum of $140.

We have outlined the situation presented by the record somewhat in detail so as to furnish a background for the inferences we have drawn and the conclusions we have reached.

It was the view of the trial judge that, as the respondent was solvent when he deeded the property to his sister, and was so at the time of the trial, he had the legal right to make such transfer, notwithstanding the fact that he had, subsequent to January 1, 1941, become indebted to the appellant, and would become further indebted to her, under the terms of the interlocutory order of divorce, the trial judge being of the opinion that it did not appear from the evidence, nor could it be presumed, that there was any intent on the part of respondent to defraud the appellant. We are unable to adopt these premises. It is our opinion, after

a review of the record in this case, that the deed from the respondent to his sister was a colorable transfer, one of gift and made under such circumstances as to be one in trust for the use of himself, and was in violation of Rem. Rev. Stat., § 5824 [P. C. § 7744]:

"All deeds of gift, all conveyances, and all transfers or assignments, verbal or written, of goods, chattels, or things in action, made in trust for the use of the person making the same, shall be void as against the existing or subsequent creditors of such person."

■ In addition to this, it seems very clear to us that the transfer of the property in question was made by respondent Carroll with intent to defraud the appellant and to prevent her from enforcing the terms of the interlocutory order, and that respondent McClain had at least constructive knowledge of all this and knew enough about the situation existing between her brother and the appellant as should have put her on inquiry. Even though it may be said that the respondent, when he made the transfer, was solvent in the sense that his assets exceeded his liabilities, nevertheless, he thereby, coupled with his departure from the jurisdiction of the court, made it impossible for the appellant to enforce the interlocutory order without seeking the aid of a foreign jurisdiction, and this she should not be required to do if any other recourse is open to her.

In addition to the statute quoted above, the principles set forth in the following cases apply to the facts of this case: *Armstrong v. Armstrong,* 100 Wash. 270, 170 Pac. 587; *Allard v. LaPlain,* 152 Wash. 211, 277 Pac. 843. Other cases from this and other jurisdictions might be cited, but the foregoing authorities contain a statement of the law applicable to the conclusions we have reached.

The judgment and decree is reversed, and the case is remanded for entry of one setting aside the deed

given by respondent Bert Carroll to respondent Kim McClain.

SIMPSON, C. J., BEALS, BLAKE, and ROBINSON, JJ., concur.