[No. 4175.  Decided July 23, 1902.]

GEORGE F. ROHRER *et al.*, *Respondents*, v. ELIZA C. SNYDER *et al.*, *Appellants.*

QUIETING TITLE — NEITHER PARTY IN ACTUAL POSSESSION — RIGHT TO JURY TRIAL.

An equitable action to try title or remove clouds from title can be maintained under Bal. Code, § 5521, where the property is not in the actual possession of any one; and such action, being purely equitable in its nature, is properly triable without the intervention of a jury.

SAME — WHEN ATTACHMENT MAY ISSUE.

Under Bal. Code, § 5350, an attachment may issue in an equitable action, when the object of the action is to recover a specified amount of money.

SAME — JUDGMENT OF FORECLOSURE — COLLATERAL ATTACK.

The fact that a mortgagee prosecuted another action for the same matter while foreclosing his mortgage, although contrary to the provisions of Bal. Code, § 5893, cannot be urged by way of collateral attack upon the judgment of foreclosure.

FRAUDULENT CONVEYANCE — ACTION TO SET ASIDE — ALLEGATION AS TO DEBTOR'S LACK OF PROPERTY.

Where a creditor seeks to set aside an alleged fraudulent conveyance, it is sufficient for the complaint to allege that the debtor has no other property within the state out of which the debt could

be made, and it is unnecessary to negative the existence of property beyond the jurisdiction of the court.

PRIORITIES BETWEEN UNRECORDED DEED AND TITLE ACQUIRED AT EXECUTION SALE.

Title acquired by an execution creditor under his own levy and sale will not prevail over a prior unrecorded deed.

IMPROPER ADMISSION OF EVIDENCE — HARMLESS ERROR.

The improper admission of evidence is not cause for reversal, where the action is one triable *de novo* on appeal.

FRAUD — PROOF MUST BE CONVINCING.

Where the good faith of a conveyance is assailed, it is not enough that the evidence may cause a suspicion as to its good faith. It should be clear, satisfactory and convincing that the conveyance is in reality fraudulent.

Appeal from Superior Court, Spokane County.—Hon. George W. Belt, Judge. Modified.

*Mark F. Mendenhall,* for appellants.

*J. M. Wiestling* and *R. L. Edmiston,* for respondents.

The opinion of the court was delivered by

Fullerton, J.—This action involves the title to a tract of land in Spokane county, being certain lots and blocks in Snyder's addition to the city of Spokane. The facts out of which the controversy arises are, in substance, these: On October 3, 1892, the respondents George F. Rohrer and John C. Morrow loaned to the appellants Eliza C. Snyder and Edward Snyder the sum of five thousand dollars, taking to evidence and to secure the same their promissory note for that sum, payable two years after date and a mortgage upon certain real property situated in King county, in this state. On November 25, 1896, the respondents brought an action in the superior court of King county to recover upon the promissory note and to foreclose the mortgage. In that action they caused a writ of attachment to issue, and caused

the same to be levied upon the real property in controversy here, which then stood upon the records of Spokane county in the name of the appellant Eliza C. Snyder. Personal service in this state was had upon Edward Snyder, who made default. Eliza C. Snyder appeared in the action, and contested it upon the merits; making no contest, however, as to the validity of the attachment proceedings. The foreclosure action proceeded to trial, finally resulting in a personal judgment against both of the appellants for the principal and interest due upon the note, followed by a decree foreclosing the mortgage, and directing that the mortgaged property be sold, and further directing that, should any deficiency remain after selling the mortgaged property and applying the proceeds to the satisfaction of the amount adjudged to be due, that the attached property be sold in satisfaction thereof. Following the terms of the judgment and decree, the mortgaged property was first sold, after which, there remaining a large deficiency, the attached property was sold. At this latter sale the respondents became the purchasers, and in due time received a sheriff's deed to the property. Shortly after the attachment had been levied, but prior to judgment in the foreclosure action, the appellant DeForest Snyder filed in the auditor's office for record two deeds executed by Eliza C. Snyder and Edward Snyder, purporting to convey to him a part of the property in question. The first of these deeds was dated and acknowledged on the 3d day of November, 1894, and the second on the 20th day of August, 1895. Each of these deeds is regular in form and recites a money consideration. At about the time these deeds were filed for record the appellant Julia L. Snyder also filed for record a deed from Eliza C. Snyder and Edward Snyder to herself for all of the remainder of the property, for the recited consideration of "ten dollars, and for ser-

vices rendered, and other considerations." This deed appears to have been executed and acknowledged on August 23, 1895. Subsequently Julia L. Snyder conveyed the property to E. Shipley Sweet, who, in turn, executed a power of sale to Edward Snyder, who subsequently, by virtue of such power of sale, reconveyed the property to Julia L. Snyder by deed dated December 4, 1899.

This action was instituted by the respondents in 1899, In their complaint they asserted title to the property in virtue of the sheriff's deed and the proceedings leading up to its execution. They averred that the several deeds under which the appellants claimed title were made without consideration, were fraudulent and void as against them, and a cloud upon their title. All of the appellants answered, putting in issue the material allegations of the complaint, and affirming the good faith of the conveyances attacked by the respondents. The appellants De-Forest Snyder and Julia L. Snyder further answered by way of cross complaints, in which they claimed title to the several lots deeded to them, respectively, and sought to have the sheriff's deed under which the respondents claim canceled and set aside as a cloud upon their respective titles. The trial court found the several deeds from Eliza C. Snyder and Edward Snyder to DeForest Snyder, and the deeds from the same grantors to Julia, and Julia to E. Shipley Sweet, to be fraudulent and void, and entered a decree canceling and removing them as clouds upon the respondents' title. This appeal is from that decree.

The appellants first contend that the trial court erred in refusing to grant a jury trial; arguing in this connection that the action is one for possession of real property, and falls within the rule that one out of possession cannot maintain an action in the nature of a bill in equity to remove a cloud from title; citing *Smith v. Wingard,* 3 Wash.

T. 291 (13 Pac. 717), and *Spithill v. Jones,* 3 Wash.
290 (28 Pac. 531). It was alleged in the complaint and
established by the evidence, however, that the property
was not in the actual possession of any one at the time
this action was instituted. Where such conditions exist an
equitable action to try title or remove clouds from title
can be maintained by reason of the express provision of
the statute. Ballinger's Code, § 5521. It is where the
real property is in the actual possession of an adverse
claimant that the statute requires these questions to be
litigated in an action brought to recover the possession.
The action was also properly tried without the interven-
tion of a jury. It is one purely equitable in its nature,
and, as such, is to be tried as other equitable actions are
tried under the uniform practice in this state.

It is next said that the court erred in refusing to sus-
tain a demurrer interposed to the complaint. This con-
tention is based upon three distinct propositions: (1) That
an attachment cannot issue in an equitable action; (2)
that a mortgagee cannot pursue an independent remedy
for the collection of the mortgage debt while he is fore-
closing his mortgage; and (3) that, while the complaint
alleges that Eliza C. and Edward Snyder had no other
property *within the state of Washington* out of which
the respondents could make their debt, it fails to allege
that they had no property *anywhere* out of which the
debt could be made, thus implying that there might be
property in some other jurisdiction. The first conten-
tion, if it be a material question here, is concluded
against the appellants by the case of *Bingham v. Keylor,*
19 Wash. 558 (53 Pac. 729). The second is based upon
§ 5893 of the Code (Ballinger's). It is there provided
that a mortgagee shall not "prosecute any other action for
the same matter while he is foreclosing his mortgage or

prosecuting a judgment of foreclosure." Doubtless this provision of the statute would have furnished a sufficient ground for dissolving the attachment, had it been urged in the foreclosure action; and perhaps it might have furnished a ground for reversing the foreclosure judgment, had an appeal therefrom been taken. But such proceedings were voidable, not void, and to attack them in this way is to attack the judgment collaterally, where error, merely, cannot avail. The last objection is equally untenable. A creditor, before he is permitted to attack a conveyance which he conceives to be fraudulent, is not obliged to search the entire world for unincumbered property out of which to make his debt. It is sufficient if he finds none within the jurisdiction of the court in which he seeks to set aside the fraudulent conveyance. The demurrer was properly overruled. In this connection, however, it is proper to state that it is not the rule, as the respondents seem to contend, that a title procured by a levy and sale under an attachment and execution will prevail over a prior unrecorded deed. This question was before this court in the case of *Hacker v. White,* 22 Wash. 415 (60 Pac. 1114, 79 Am. St. Rep. 945), and there decided adversely to this contention.

The appellants next urge that the court erred in the admission of evidence. On this question we find nothing to review. We have repeatedly said that error in this respect is not of itself sufficient to warrant a reversal in a case tried without a jury, and which is triable *de novo* in this court. In the trial here the court will refuse to consider incompetent, irrelevant, or immaterial evidence, and will, where the objection has been urged and overruled below, relieve a party from the burden of costs imposed on him by the introduction of such evidence. But

it will go no further than this. It will not reverse a case merely because it finds such evidence in the record.

The remaining assignments of error are all summed up in the question, does the evidence justify the findings and decree? On this question we have not been able to agree entirely with the trial judge. It seems to us that there is little, if any, evidence to sustain the conclusion that the conveyances to DeForest Snyder were fraudulent, or were other than conveyances made in good faith and for an adequate consideration. He testifies that he purchased the property at the times mentioned in his several deeds, paying $350 in cash for the property, included in the deed dated November 3, 1894, and $800 in cash for the property included in the deed dated August 20, 1895, and in this he is corroborated by the testimony of his grantors. It is the testimony of all the witnesses that these sums represented the full value of the property at the times the purchases were made. Indeed, the respondents argue that it was an overvaluation, and, as such, a badge of fraud. Against this positive testimony we have the showing that DeForest Snyder was a first cousin of Edward Snyder; that he did not record his deeds to this and to other property in this state deeded to him about the same time from the same grantors, nor pay the taxes thereon, until after the writ of attachment above mentioned was levied; and that his grantors, subsequent to the time of the conveyances to him, made a conveyance to their daughter of other of their property without consideration. But we cannot think that these circumstances show any fraud upon his part. He was not concerned in, nor did he have aught to do with, any of the subsequent transactions which were probably fraudulent. Though he was delinquent in paying taxes the fact remains that no one else paid taxes on the property deeded to him subsequent to the dates of

his deeds. The fact that his deeds remained unrecorded for so long a time would appear to be rather the result of neglect, than a desire to defraud; for, certainly, had fraud been their purpose, this essential to the appearances of good faith would not have been overlooked. But more than this, it must be borne in mind that there is a presumption of honesty and good faith that prevails in favor of all ordinary business transactions; that fraud is never presumed, but must be established by the party alleging it. Where the good faith of a conveyance is assailed, it is not enough that the evidence may cause a suspicion as to its good faith. The evidence must be clear and satisfactory, and such as convinces the mind that the conveyance is in reality fraudulent. Taken in connection with the presumption of honesty and good faith that prevails in favor of the validity of the transactions, and the positive statement of the grantee to the effect that he was a purchaser for value and in good faith, these circumstances, as we say, fall short of these requirements.

As to the conveyances to Julia L. Snyder, there is sufficient in the record to show that they were executed without consideration, and for the purpose of putting the property beyond the reach of the creditors of her grantors. While we shall not review the evidence which leads us to this conclusion, it is necessary to say we have not overlooked the additional papers and documents introduced by her on her motion for a new trial. These, however, do not, in our opinion, strengthen her case.

The cause is remanded to the court below, with instructions to modify its decree by adjudging that the respondents take nothing against DeForest Snyder, and that he have a decree quieting and confirming his title as against them, and removing the sheriff's deed as a cloud upon his

title. In other respects the decree will stand affirmed.
Neither party will recover costs in this court.

REAVIS, C. J., and HADLEY, ANDERS, MOUNT, WHITE
and DUNBAR, JJ., concur.