[No. 13682.   Department Two.   January 11, 1917.]

### Z. A. SCOUSE et al., Appellants, v. ALASKA & YAKIMA INVESTMENT COMPANY et al., Respondents.[1]

FRAUDULENT CONVEYANCES—EVIDENCE—BURDEN OF PROOF. Upon an issue as to whether property belonging to a judgment debtor had been put into the name of a corporation to defraud creditors, the burden of proof is upon the plaintiff to establish the fraud and overcome the presumption of good faith in favor of ordinary business transactions by clear and satisfactory evidence.

APPEAL—REVIEW—FINDINGS. Where the witnesses disagree upon the facts and the court is largely controlled by the apparent credibility of the witnesses, the supreme court will not disturb the findings unless satisfied that the trial court was wrong in its conclusions.

MORRIS, J., dissents.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered July 29, 1916, in favor of the defendants, dismissing an action to subject real property to the satisfaction of a judgment, tried to the court. Affirmed.

*Willett & Oleson, O. L. Willett,* and *Englehart & Rigg,* for appellants.

*H. J. Snively,* for respondents.

[1]Reported in 161 Pac. 1189.

MOUNT, J.—This action was brought to subject certain real estate, held in the name of Alaska & Yakima Investment Company, in the county of Yakima, to the satisfaction of a judgment obtained by the plaintiffs against Belinda A. Carbonneau. Upon issues joined, the case was tried to the court without a jury. At the conclusion of a lengthy trial, the court decided that the property in question was not the property of Belinda A. Carbonneau, and that she had no interest therein, but was the property of the Alaska & Yakima Investment Company, a corporation, and that the money which purchased the real property belonged to immediate relatives of Mrs. Carbonneau, and for that reason dismissed the action. The plaintiffs have appealed from the order of dismissal.

The controlling question in the case is whether the property is really the property of Mrs. Carbonneau, and was by her put into the name of the corporation, of which her immediate relatives were the stockholders, for the purpose of defrauding her creditors. This, of course, is purely a question of fact, and the burden of proof rests upon the appellants. The writer of this opinion has, with care, read the lengthy abstract of the evidence, and is not satisfied therefrom that the trial court was wrong in his conclusions.

We shall not discuss the evidence. To do so would necessitate a lengthy and involved opinion, and, as said by the trial court, such opinion "could be, at most  .  .  .  an argument in vindication of the views entertained," and would not declare or define any rule of law. The appellants argue that, because of the many improbabilities, misstatements, and contradictions of the witnesses who testified in behalf of the respondents, the trial court was not justified in basing a conclusion upon their testimony. An examination of the record shows that there were many contradictions, many improbable statements, and many imperfections in the testimony of respondents' witnesses, but it also shows that the occurrences about which they testified had taken place from eight to ten

years prior to the time the testimony was given. It is not uncommon for witnesses to disagree upon facts which occurred years before. In cases like this, where the controlling facts are in dispute, where witnesses disagree, where statements are improbable, the court is controlled largely by the apparent credibility of the witnesses. This credibility is necessarily determined by the demeanor and general appearance of the witnesses, as well as their statements. The trial court was in a better position to judge of these things than we are, and while we may say that, if the trial court had rendered a judgment in favor of these appellants upon the facts before us, we would feel bound to affirm the judgment, yet, when the trial court has found in favor of the respondents, we feel it equally our duty to affirm the judgment; especially since we are not convinced, from a careful reading of the abstract, which embodies all the facts in the case, that the trial court was wrong. In this case, as we have above intimated, the burden was upon the appellant to show that the property in question was really the property of Mrs. Carbonneau, and that the other defendants had no interest therein, and that the same was placed in the corporation in fraud of creditors. The burden of showing these facts rested upon the respondents. In the case of *Rohrer v. Snyder*, 29 Wash. 199, 69 Pac. 748, we said, at page 206:

"It must be borne in mind that there is a presumption of honesty and good faith that prevails in favor of all ordinary business transactions; that fraud is never presumed, but must be established by the party alleging it. Where the good faith of a conveyance is assailed, it is not enough that the evidence may cause a suspicion as to its good faith. The evidence must be clear and satisfactory, and such as convinces the mind that the conveyance is in reality fraudulent."

Upon the record in this case, we are not satisfied that the trial court was wrong in his conclusions, and the judgment is therefore affirmed.

Parker, Holcomb, and Fullerton, JJ., concur.

MORRIS, J. (dissenting)—To my mind, the facts clearly show appellants are entitled to the relief sought. I therefore dissent.