[No. 14306. Department One. January 11, 1918.]

THOMAS J. WIGGINS, *Appellant*, v. NANCY SHAW *et al.*, *Respondents.*[1]

FRAUDULENT CONVEYANCES — INTENT—EVIDENCE—SUFFICIENCY. A conveyance is not fraudulent as to subsequent creditors of the grantor unless there was an intent upon the part of both grantor and grantee to defraud such creditors, and there could hardly be such intent as to a claim for damages as the result of defamatory words uttered over two months after making the conveyance.

JUDGMENT—ENTRY—MISTAKE OF CLERK—EXPUNGING. An informal journal entry of judgment made by the clerk through inadvertence and mistake may be set aside and expunged and a formal judgment entered by the court.

Appeal from a judgment of the superior court for King county, Tallman, J., entered January 29, 1917, in favor of the defendants, in an action for equitable relief, tried to the court. Affirmed.

[1]Reported in 169 Pac. 853.

*Will H. Thompson,* for appellant.

*J. M. Hawthorne,* for respondents.

PARKER, J.—The plaintiff, Thomas J. Wiggins, claiming to have succeeded, under an execution sale, to the title of the defendant Nancy Shaw to a house and lot in Seattle, seeks the setting aside of a deed of conveyance therefor from the defendant Nancy Shaw to the defendant Mary Beckett, seeking recovery of the possession of the premises and the quieting of title thereto in himself. The defendant Mary Beckett, by her answer and cross-complaint, alleges that she is the owner of the premises as the grantee of Nancy Shaw, and prays that her title thereto be quieted as against the claim of the plaintiff. Nancy Shaw's only interest in the controversy is as the grantor of Mary Beckett by warranty deed. Trial upon the merits in the superior court for King county resulted in judgment in favor of Mary Beckett as prayed for by her, quieting her title in the premises as against the claim of the plaintiff, from which he has appealed to this court.

Mary Beckett is the mother of Nancy Shaw. On January 7, 1914, and for several years prior thereto, Nancy Shaw was the owner of the premises in controversy. On that day she conveyed the premises to her mother, Mary Beckett, by warranty deed. It is not shown that Nancy Shaw was then indebted to any one, except a debt secured by a mortgage upon the premises in controversy, and indebtedness to Mary Beckett, her mother, for sums which had been advanced from time to time. The amount of the consideration for the conveyance is not shown with certainty, but that it was a considerable amount seems evident from the testimony, and consisted of indebtedness owing by Nancy Shaw to her mother, Mary Beckett, for moneys advanced on several occasions. The consideration, in any event, was ample to support the conveyance as between themselves.

On June 4, 1914, Thomas J. Wiggins commenced an ac-

tion in the superior court for King county against Nancy Shaw, seeking recovery of damages which he alleged resulted to him from certain slanderous words spoken of and concerning him by Nancy Shaw on and after March 25, 1914, which date, it will be noticed, was over two months after the conveyance made by Nancy Shaw to her mother. On November 21, 1914, that action having been tried upon the merits, resulted in judgment in favor of appellant, awarding him damages in the sum of $200 against Nancy Shaw. On December 4, 1914, appellant caused execution to be issued upon that judgment, and caused the sheriff of King county to offer for sale thereunder all the right, title and interest of Nancy Shaw in and to the premises in controversy. Appellant, being the highest bidder therefor, became the purchaser of all the right, title and interest of Nancy Shaw in and to the premises at the execution sale, and a certificate of purchase was issued to him accordingly. On March 7, 1916, there being no redemption from the execution sale and more than one year having elapsed, the sheriff issued to the appellant his deed conveying all the right, title and interest of Nancy Shaw in and to the premises. Appellant's claim of title rests upon this deed, which it may be conceded would result in his becoming the owner of the premises but for the prior conveyance of Nancy Shaw to her mother, which conveyance is here sought to be set aside by him.

It is contended in the appellant's behalf that the conveyance of the premises made by Nancy Shaw to her mother, Mary Beckett, on January 7, 1914, is void as having been made with intent on the part of both Nancy Shaw and Mary Beckett to defraud creditors, and that, therefore, the premises were subject to sale under the execution as the property of Nancy Shaw. It is at once apparent that, in order to successfully maintain this contention, appellant must show that the conveyance of January 7, 1914, was made with intent to defraud creditors of Nancy Shaw who were to become such after the making of the conveyance, since appel-

lant was not in any sense a creditor of Nancy Shaw until the slanderous words were spoken by Nancy Shaw on and after March 25, 1914, over two months after the making by her of the conveyance of the premises to her mother on January 7, 1914. There can be such a thing as a conveyance being void as to subsequent creditors because of being made with intent on the part of the grantor and grantee to defraud such creditors (12 R. C. L. 495), but to set aside such a conveyance on that ground, there must be proof of intent to defraud subsequent creditors, of the most positive and convincing character, and that the intent to so defraud must exist on the part of both the grantor and the grantee. We have no proof here evidencing fraud on the part of Mary Beckett, the grantee, except such as might be inferred from the mere fact that the amount owing to her by Nancy Shaw may have been somewhat less in the aggregate than the full value of the premises conveyed. Of course, Mary Beckett was not called upon to take notice of any existing creditors of Nancy Shaw because, as we have seen, there were no existing creditors who could have been defrauded by the conveyance, so that even the circumstance of a grantor having existing creditors, which is sometimes considered as being material to the question of intent to defraud subsequent creditors, is absent. It is little short of inconceivable that Nancy Shaw should convey this property to her mother for the purpose of defrauding a creditor to become such in the future growing out of damages as the result of defamatory words she was to utter over two months after the making of the conveyance. It seems to us that the proof wholly fails to show that the conveyance here in question was made with intent on the part of either Nancy Shaw or Mary Beckett to defraud either existing or subsequent creditors, nor do we think the conveyance was intended as other than an absolute conveyance of the premises. The following decisions of this court are of interest in this connection and in harmony with this view, though we do not cite them as being exactly

in point: *Eggleston v. Sheldon*, 85 Wash. 422, 148 Pac. 575; *Henry v. Yost*, 88 Wash. 93, 152 Pac. 714; *Allen v. Allen*, 96 Wash. 689, 165 Pac. 889.

Some contention is made in appellant's behalf that, prior to the entering of the judgment appealed from, the court had announced its decision and, in effect, rendered a judgment in favor of appellant, and therefore had no authority to render the judgment in favor of Mary Beckett which is here appealed from. The circumstances disclosed by the record upon which appellant relies are somewhat involved. This condition of the record grew out of an attempt on the part of the court to encourage a compromise of the controversy between the parties, which they also seem to have thought possible to bring about. The clerk, on December 11, 1916, some ten days after the conclusion of the trial, made an informal minute entry "that plaintiff in this case have judgment quieting title as prayed." The trial court thereafter decided that this entry was made by inadvertence and mistake on the part of the clerk and without direction of the court, and it was, for that reason, set aside and expunged from the record. Thereafter the formal judgment here appealed from was prepared and entered. We see nothing in this contention except the claim that the trial court erred in setting aside and expunging from the record this informal minute entry, and thereafter signing and entering a formal judgment quieting title in respondent Mary Beckett. Looking to the record as a whole, we are convinced that the formal judgment, signed by the judge and entered in the journal, which is here appealed from, is the only final disposition of the case ever made by the trial court.

The judgment is affirmed.

ELLIS, C. J., WEBSTER, MAIN, and FULLERTON, JJ., concur.