[No. 17782. Department Two. July 31, 1923.]

ANTON MARINOVICH, *Appellant,* v. B. T. NEWTON *et al.,*
*Respondents.*[1]

FRAUDULENT CONVEYANCES (43)—INTENT TO DEFRAUD—KNOWLEDGE
AND INTENT OF GRANTEE—EVIDENCE—SUFFICIENCY. A judgment
debtor's sale of a diamond ring for $900, actually paid to him, when
it was not worth in any event over $1,200, does not show such a
discrepancy between the price and the value as to suggest a con-
veyance in fraud of creditors; and the sale will not be set aside
when the purchaser had no knowledge of fraudulent intent on the
part of the debtor.

Appeal from a judgment of the superior court for
King county, Brinker, J., entered October 6, 1922, in
favor of the defendant, dismissing an action to set
aside a fraudulent conveyance, tried to the court.
Affirmed.

*Hastings & Rubens* and *S. H. Kelleran,* for appellant.

*Walter A. Kane, W. M. Williams,* and *W. C. Hinman,*
for respondent.

PARKER, J.—The plaintiff, Marinovich, commenced
this suit in the superior court for King county, seeking
the setting aside of a bill of sale made by the defend-
ant Behneman to the defendant Newton of a diamond
ring, to the end that the ring be subject to the payment
of a balance due upon a judgment rendered by that
court in favor of the plaintiff and against the defend-
ant Behneman. The ring is in the custody of the clerk
of the superior court by order of that court, evidently
in lieu of a formal receivership. A trial upon the
merits resulted in a judgment denying to the plaintiff
the relief prayed for, from which he has appealed to
this court.

[1]Reported in 216 Pac. 876.

On September 20, 1920, Behneman and others became indebted to Marinovich in the sum of $1,500. On February 19, 1921, while that indebtedness was wholly unpaid, Behneman, being then the owner of the ring in question, sold it to Newton for $900. On March 1, 1921, Marinovich commenced a suit in equity in the superior court for King county against Behneman and others involving, among other things, the above mentioned indebtedness and the security given therefor; which suit resulted in a judgment being rendered in favor of Marinovich and against Behneman and others for $1,500. This judgment was partially satisfied by the sale of property upon which it was decreed to be a lien. Thereafter, on December 23, 1921, this action was commenced by Marinovich against Newton and Behneman, alleging fraud in the making of the sale of the ring and an intent on the part of both defendants to put the ring beyond the reach of Marinovich as a creditor of Behneman.

The argument of counsel for appellant Marinovich is addressed wholly to their contention that the court erroneously decided that the claim of fraud attending the sale of the ring by Behneman to Newton is insufficiently sustained by the evidence to call for the setting aside of that sale and the subjecting of the ring to the satisfaction of the balance due upon the judgment rendered against Behneman. A careful reading of all the evidence brought here in the statement of facts convinces us that this contention cannot be sustained. It seems plain that the ring was in no event worth over $1,200, and possibly less, and that Newton actually paid Behneman $900 in value for the ring. This, we think, is not such a discrepancy between the value and the actual purchase price as to seriously suggest fraud on the part of either the purchaser or seller to put the

ring beyond the reach of Marinovich as a creditor of Behneman. There is some evidence tending to show that Behneman had some intent to dispose of the ring so as to put it beyond the reach of Marinovich as his creditor, but the evidence, we think, as the trial court did, does not show that Newton had knowledge of any such intent on the part of Behneman. The evidence, we think, goes no farther than showing that Newton purchased the ring believing that a good bargain was obtained in doing so and had no intent with reference thereto, other than the acquiring of such a bargain; in other words, that Newton had no intent to aid Behneman in avoiding his just debts, nor any knowledge that would suggest any such intent on the part of Behneman.

Counsel for Marinovich do not seem to seriously argue that the price paid for the ring was not reasonably near its full value; but invoke the general rule that, notwithstanding fair value may be given by the purchaser, yet if he thereby knowingly aids the seller in furthering his intent to put his property beyond the reach of creditors, the sale may be set aside; citing our decision in *O'Leary v. Duvall,* 10 Wash. 666, 39 Pac. 163. What we have already said, we think, renders it plain that this rule of equity cannot be of any avail to Marinovich under the facts as here shown.

The judgment is affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.