### No. 32,292

Charles W. Johnson, Receiver for the Citizens State Bank of Sharon Springs, *Appellant*, v. Absalom P. Collins and Myrtle Collins, *Defendants;* The Kansas State Highway Commission and The State of Kansas, Garnishees, Irene D,uell and Carl Duell, Interveners, *Appellees.*

(45 P. 2d 575)

Opinion filed June 8, 1935.

*James E. Taylor,* of Sharon Springs, for the appellant.
*Elmer E. Euwer,* of Goodland, for the appellees.

The opinion of the court was delivered by

Burch, J.: The question involved in this appeal is whether an assignment of a judgment was fraudulently made.

Myrtle Collins obtained a judgment against the state highway commission for $3,200, bearing interest. Myrtle Collins, with her husband, Absalom P. Collins, had given a note to the Citizens State Bank of Sharon Springs. The bank failed, the note matured, and the receiver for the bank commenced an action to recover on the note. The state auditor was garnished, and answered with respect to the indebtedness established by the judgment against the State

Highway Commission, which then amounted to $3,534. After the receiver's action was commenced Myrtle Collins assigned one half of the judgment against the state highway commission to her daughter, Irene Duell. Irenè Duell intervened in the receiver's action, claiming ownership of half the judgment by virtue of the assignment. The defense to the interplea was that the assignment was fraudulently made. After a trial the district court returned findings of fact and conclusions of law and awarded to Irene Duell a portion of the garnished funds.

The district court found Myrtle Collins and her husband were indebted to their daughter for various advancements the daughter had made, which the parents had promised to pay when able, and that the assignment of the judgment was made without fraud, to satisfy that indebtedness. The details are set out in the findings of fact. Only one of the findings of fact is seriously questioned. Without debating the matter, the court holds the findings of fact were sustained by sufficient evidence. It is strenuously urged, however, that the conclusions of law were not sustained by the findings of fact, in that certain badges of fraud found by the court compelled a conclusion that the assignment was fraudulent.

The findings disclosed that one item of supposed indebtedness, to pay which the assignment was made, did not constitute a debt. That merely reduced the amount of the garnished funds to which the interveners were entitled, if the item was not included to hinder, delay, or defraud creditors, and it was not.

The promises to pay the items of indebtedness were to pay "when able," which matured the indebtedness within a reasonable time. Consequently, the statute of limitations would have been a defense if action were brought to recover on the items. That did not affect existence of the debts. It is honorable to pay debts although action to recover them would be barred, and the status of the debts in question was but a slight circumstance bearing on the good faith of the assignment.

The assignment was made after the bank receiver's action was commenced, and before answer day. Sometimes a transfer of property by a debtor, made under such circumstances, may arouse suspicion of fraud, particularly if the debtor does not have sufficient money and property to pay all his debts, but the question always is, Was the transfer made, not to pay the debts, but to hinder, delay, and defraud? and time of transfer is not conclusive.

The assignment was by a mother to a daughter. While such a relationship may lead the court to examine the transaction closely, the relationship does not establish fraud, and if the transaction be in fact *bona fide,* the relation becomes, in the end, unimportant.

The assignment was voluntary on the part of the assignor. The assignee did not solicit it, and did not expect or intend to compel her parents to pay. However, there was the debt, and if the assignor desired, in good faith, to pay, and did not have money or property sufficient to pay both the receiver of the bank and the assignee, the assignor could prefer one creditor as against the other. This is elementary law.

While the assignment ran to Irene Duell and her husband, Carl, with respect to whom the assignment would be a gift, the actual intention was to pay what was owed to Irene, and the validity of the assignment to her was not affected.

Existence of a circumstance which might be considered a badge of fraud, or existence of several such circumstances, is not necessarily incompatible with good faith in fact, and in this instance, good faith was well proved.

There is nothing else of importance in the case, and the judgment of the district court is affirmed.