[No. 26634. Department One. September 20, 1937.]

FRANCES M. HASKELL, *Respondent*, v. D. PHELPS *et al.*, *Defendants*, THE NATIONAL BANK OF TACOMA, *Appellant.*[1]

[1]Reported in 71 P. (2d) 550.

*Hayden, Metzger & Blair,* for appellant.

*Guy E. Kelly,* for respondent.

GERAGHTY, J.—This action, tried to the court below without a jury, involves a controversy between a judgment creditor and a mortgagee over the priority of their respective liens.

July 10, 1935, the defendants Phelps and wife conveyed two lots in the city of Tacoma to their daughter, Mrs. H. Graham Weir, a widow. The conveyance embraced other property with which we are not here concerned.

In a decree entered December 19, 1935, the plaintiff, Haskell, was awarded judgment against the defendants for $1,395. The decree also directed the foreclosure of a mortgage upon certain real estate, the mortgage having been given by the defendants to secure the loan for which the judgment was entered. After sale of the property, pursuant to direction of the decree, and credit of the proceeds on the judgment, there remained a deficiency of $533.80, upon which execution was issued and returned unsatisfied by the sheriff.

July 13, 1936, plaintiff, Haskell, instituted this action, in the nature of a creditor's bill, alleging that she was the holder of an unsatisfied judgment against the defendants Phelps, and that, prior to entry of the judgment, but after the indebtedness upon which it was rendered had been incurred, the defendants Phelps, for the purpose of defrauding the plaintiff, conveyed the real property involved here to their daughter, Mrs. H. Graham Weir, who was made party defendant in the suit, and who was alleged to have received the conveyance for the purpose of defrauding the plaintiff. The complaint prayed that the conveyance be cancelled, the defendants enjoined from transferring or

encumbering the property, and that it be sold upon execution to satisfy the plaintiff's judgment.

Prior to the institution of this suit, the defendants Phelps were indebted to the National Bank of Tacoma in the sum of four thousand dollars, to secure which a deed conveying title to the property in controversy to the bank was executed by the daughter, Mrs. Weir, and was delivered to the bank by her father, the defendant Phelps. The deed was executed at the request of Phelps and was intended by the parties to operate as a mortgage upon the premises. It was not filed of record until September 25, 1936.

After the institution of the plaintiff's action, the National Bank of Tacoma, having been permitted to intervene, filed its complaint in intervention setting forth the indebtedness of the defendants Phelps, and that the defendant Weir, acting for herself and as trustee for her parents, had conveyed the real estate to the bank by a deed intended to operate as a mortgage to secure payment of the parents' indebtedness. The intervener alleged that its mortgage lien was superior to the judgment lien of the plaintiff, and prayed judgment accordingly.

The defendants Phelps and Weir, in their answer, admitted the execution and delivery of the deed and the agreement of the parties that it be treated as a mortgage, but denied that, in executing the deed, the defendant Weir acted as trustee for the defendants Phelps, or either of them.

The plaintiff answered the complaint in intervention by general denial, except that she admitted that defendant Weir acted as trustee for defendants Phelps.

After trial on the merits, the court filed its memorandum decision, in which it was determined that the conveyance from defendants Phelps to Mrs. Weir was executed in fraud of creditors; and that, while the

intervener had no actual notice of the fraud in the transfer, it had constructive notice of circumstances which, if investigated, would have disclosed the fraud, and found that the lien of the plaintiff's judgment was superior to the mortgage lien of the intervener and directed that she have the relief prayed for in her complaint. A decree was entered in accordance with the memorandum decision. The intervener appeals.

The appellant states the question raised by its appeal to be:

".   .   .   whether a mortgage given by a fraudulent grantee at the request of the fraudulent grantor, to secure bona fide indebtedness of such grantor, is superior to the lien of a judgment creditor who obtained judgment against the original grantor after the execution and delivery of the conveyance to the fraudulent grantee."

In support of its contention, the appellant cites and quotes from decisions in numerous jurisdictions. A leading case cited by the appellant is *Dolan v. Van Demark,* 35 Kan. 304, 10 Pac. 848. The court there says:

"The fact that the mortgage was executed by Brabb instead of by Bradley after the goods had been fraudulently sold by Bradley to Brabb, and the fact that Van Demark had notice of the fraudulent intentions of Brabb and Bradley at the time of the sale, cannot render the mortgage void or voidable. While generally a fraudulent vendee cannot, as against the creditors of the fraudulent vendor, sell, assign or transfer the property to a third person who has notice of the fraud, nor transfer or assign the same to even a person who has no such notice, where such transfer or assignment is merely to pay a preexisting debt of the fraudulent vendee, yet such fraudulent vendee may make a valid sale of the property to a *bona fide* purchaser without notice of the fraud, or may, with the consent of the fraudulent vendor, and probably without his consent, make a valid transfer or assignment of such property

to a creditor of the fraudulent vendor either in payment or partial payment of a *bona fide* debt of the fraudulent vendor, or as security for such debt, and whether such creditor has notice or not of the prior fraudulent sale. (*Butler v. White,* 25 Minn. 432; *Boyd v. Brown,* 34 Mass. 453; *Murphy v. Moore,* 30 Hun, 95; *Stark v. Ward,* 3 Pa. St. 328; *Webb v. Brown,* 3 Ohio St. 246; Bump on Fraudulent Conveyances, 3d ed., 499, 500.) The fraudulent vendee may lawfully dispose of the property in any manner in which the fraudulent vendor himself might have disposed of the property if the fraudulent sale had not occurred."

Other cases cited to this effect are: *Seals v. Snow,* 126 Kan. 246, 267 Pac. 1105; *Johnson v. Trust Co. of America* (C. C. A. 8th Cir. 1900), 104 Fed. 174; *Thompson v. Williamson,* 67 N. J. Eq. 212, 58 Atl. 602; *Longfellow v. Barnard,* 58 Neb. 612, 79 N. W. 255, 76 Am. St. 117; *Brown v. Scheffer,* 72 Minn. 27, 74 N. W. 902; *Beam v. Bennett,* 51 Mich. 148, 16 N. W. 316; *Murphy v. Briggs,* 89 N. Y. 446; *Munoz v. Wilson,* 111 N. Y. 295, 18 N. E. 855; *Rilling v. Schultze,* 95 Tex. 352, 67 S. W. 401; *Marion County Nat. Bank v. Smith,* 205 Iowa 203, 217 N. W. 857.

While it does not appear that this court has ever passed upon the precise question here presented, we have consistently held it to be the rule that a debtor, though insolvent, may, in good faith, prefer one or more of his creditors over all other creditors, even to the extent of exhausting his assets. *Turner v. Iowa Nat. Bank,* 2 Wash. 192, 26 Pac. 256; *Vietor v. Glover,* 17 Wash. 37, 48 Pac. 788, 40 L. R. A. 297; *McAvoy v. Jennings,* 44 Wash. 79, 87 Pac. 53; *Zent v. Gilson,* 52 Wash. 319, 100 Pac. 739; *Puget Sound Nat. Bank v. More,* 159 Wash. 5, 291 Pac. 1081; *Endicott-Johnson Corp. v. Bloom,* 175 Wash. 606, 27 P. (2d) 1069.

It would seem, therefore, that the fraudulent grantee might prefer one of the grantor's creditors, who was

himself free from participation in the fraud, since, in doing so, the grantee would be doing nothing more than the grantor himself could have done under the established rule.

But the difficulty in applying the rule in the present case is the relative position of the parties. We have not here a contest between two simple creditors, one of whom secured a voluntary preference over the other. Before the defendants Phelps procured the execution of the mortgage by their daughter to the appellant, the respondent had obtained her judgment against them, which, but for the fraudulent conveyance, would have constituted a lien upon the property prior in time and superior in right to the intervener's mortgage.

The respondent secured her original judgment on December 19, 1935. The appellant's mortgage was made April 25, 1936. The defendants Phelps could not have preferred the appellant to the respondent by the mortgage at that time, if they had retained the record title. The respondent was then a judgment creditor, and her claim was superior in right to the appellant, a general creditor. Looking through form to substance, in the light of the court's finding, the defendants Phelps were the beneficial owners of the property and could not themselves make or direct their daughter, a trustee, to make a conveyance freed of the respondent's superior right as judgment creditor. In its complaint in intervention, the appellant recognized the status of the property by alleging that the defendant, Mrs. Weir, "acting for and on behalf of herself and as trustee for said D. Phelps and Louisa C. Phelps," executed and delivered the mortgage to the appellant.

We conclude that the judgment appealed from was correct and should be affirmed.

MAIN, BLAKE, and ROBINSON, JJ., concur.

STEINERT, C. J., did not participate.