[No. 33477. Department Two. April 25, 1957.]

ARDATH WORKMAN, *formerly Ardath Abelmann, Appellant,* v. DAVID K. BRYCE *et al., Respondents.*

NESSIE WARSHAL SHINDEL, *Respondent, v.* DAVID KAY BRYCE *et al., Defendants,* ARDATH ABELMANN, *Appellant.*[1]

*Deane W. Parker* and *William A. Herren,* for appellant.

*Merle D. Cohn,* for respondents.

ROSELLINI, J.—These are consolidated actions. In *Workman v. Bryce et al.,* the plaintiff, a judgment creditor of the defendants Bryce, seeks to set aside a bill of sale given to

[1]Reported in 310 P. (2d) 228.

the defendant Nessie Warshal Shindel, covering certain farm machinery and equipment located on a ranch in Snohomish county belonging to the defendants Bryce, and to have the lien of her judgment declared superior to a mortgage on the ranch, held by the defendant Nessie Warshal Shindel. It was alleged in the complaint that the bill of sale and the mortgage were given to defraud the plaintiff, and that no valid or legal consideration was received for them. *Shindel v. Bryce et al.,* is an action to foreclose the mortgage in question.

The consolidated causes were tried to the court, and at the conclusion of all the testimony, findings were entered to the effect that Mrs. Shindel had paid full consideration for the personal property, that the mortgage had been given to secure a valid and subsisting debt, and that both transactions had been entered into by Mrs. Shindel with no intent to defraud the plaintiff. Judgment was entered in favor of the defendants in the case of *Workman v. Bryce et al.*; and foreclosure was decreed in *Shindel v. Bryce et al.*, the defendants Bryce having defaulted in that action.

The assignments of error in both cases bring up for review the question of whether the evidence preponderates against the findings of the trial court.

It appears that on November 10, 1953, Ardath Abelmann (now Ardath Workman, and hereafter referred to as the plaintiff) brought an action in the superior court for King county against the defendants Bryce. The cause came on for trial on July 20, 1954, and it was adjudicated that the Bryces were indebted to the plaintiff in the sum of $6,000 and that they held title to an automobile which was the property of the plaintiff. The judgment directed the Bryces to turn the automobile over to the plaintiff, or, if that were not possible, to pay her the additional sum of $700. The oral decision was rendered on July 24, 1954, and judgment was entered on August 6, 1954.

On July 21, 1954, the day after the trial had begun, the Bryces and Mrs. Shindel caused to be recorded a mortgage in the amount of $30,500, covering the ranch in Snohomish

county, on which the Bryces resided and which was the only real property in which they had an interest. On July 27, 1954, the Bryces filed a declaration of homestead covering the same property. The ranch was also subject to a first mortgage held by the seller, to whom the Bryces owed approximately $17,000 at the time. According to the testimony of a real-estate salesman at the trial of the present actions, the property had a cash market value of $54,000.

On the same day that the declaration of homestead was filed, the Bryces transferred to Mrs. Shindel, mother of Margie Bryce, by bill of sale, the farm machinery and equipment located on their ranch. The recited consideration was $2,100; however, Mrs. Shindel testified that she also assumed and paid the balance due on a chattel mortgage covering these items. It appears that the equipment was not removed from the ranch.

The defendants introduced canceled checks which showed that Mrs. Shindel had paid, after 1945, approximately $21,-000 for improvements on property on Mercer Island, Washington, which the Bryces owned, and a note executed in 1945 in favor of Mrs. Shindel in the amount of $5,000. They testified that the difference between the total of these sums and $30,500 had been advanced to them in cash. All of these transactions occurred prior to 1951, at which time the property on Mercer Island was sold. It had been agreed that when the property was sold, Mrs. Shindel would be repaid the money she had loaned her daughter and son-in-law. However, the total realized by the Bryces on this sale was approximately $24,000, and they persuaded Mrs. Shindel to allow them to invest it in the ranch in Snohomish county. At that time, according to their testimony, they executed a note and mortgage in her favor in the sum of $30,500.

Mrs. Shindel had lived with the Bryces since she became a widow in 1940, first in her own home, and later in theirs. At about the time the Mercer Island property was sold and the Snohomish county property was purchased, she remarried and moved to California. After that, she returned to Washington for only brief visits. She had been familiar with their business affairs when she lived with them, but

according to her testimony, she knew little about their affairs after she moved away.

The funds which were loaned to the Bryces were derived from the estate of Mrs. Shindel's late husband, which was appraised at $26,619.40, of which approximately $18,000 was available to Mrs. Shindel. She testified that this was the only property she owned, but that she received income from it of $200 per month plus social security.

Mrs. Shindel returned to Washington for two weeks in July, 1954, the month in which the Bryces were being sued by the plaintiff. Her purpose in coming, she said, was to see that her security was protected, as she had grown suspicious because her daughter and son-in-law had not informed her regarding their financial affairs. According to her testimony, she had to "worm out of" her daughter the fact that she and her husband were being sued. She testified that she had talked with her stepson in San Francisco, who had advised her to have her "note" acknowledged and recorded. Mrs. Shindel stated that she did not know of the existence of the mortgage that was supposed to have been executed in 1951, until she came to Washington in July, 1954. However, she knew that she had "security" and had learned that it should be recorded to protect her interests.

Upon her return to Washington, the Bryces took the mortgage and note dated March 29, 1951, to a notary public, who refused to acknowledge the signatures because he had not witnessed the signing. However, he drew up a copy of the old mortgage, dated it March 21, 1951, changed the name of the mortgagee from Nessie Warshall to Nessie Warshal Shindel, and acknowledged the signatures of the Bryces on July 21, 1954. The mortgage was recorded the same day.

At about the same time, Mrs. Shindel testified, her son-in-law asked her to purchase the farm machinery and equipment, so that he could pay off some creditors. She cashed the last of her bonds and gave him the proceeds, in the amount of $2,100, and assumed and subsequently paid the existing chattel mortgage. She was given a bill of sale, which was duly recorded. There was no testimony as to the value of the machinery; but it is not contended that it was worth

more than the amount paid. David Bryce testified that he did use the proceeds to pay creditors.

There was also evidence that David Bryce had sold the automobile which had been decreed to be the property of the plaintiff and had also sold a truck to a nephew in Tacoma. The transferees were not made parties to this action, however, and no relief was asked in regard to these transactions.

The plaintiff first contends that the burden was upon the defendants to prove that the two transactions in question were entered into in good faith, and further contends that they failed to sustain this burden. The rule is that the burden of proving fraud rests upon the party seeking to set aside a transaction alleged to be fraudulent. *Siegel v. Kracower*, 144 Wash. 609, 258 Pac. 493. The burden shifts to the defendant to prove his good faith, when the consideration is shown to be grossly inadequate. *Yakima First Nat. Bank v. Pettibone*, 182 Wash. 663, 47 P. (2d) 997.

The plaintiff, of course, was faced with the necessity of proving her case mainly through the testimony of the defendants. They testified that the debt for which the mortgage was given was valid and subsisting and that the purchase price named in the bill of sale had been paid. The credibility of these witnesses was a question to be determined by the trial court; and though the court recognized that the Bryces were obviously bent upon defeating the plaintiff's judgment, it was convinced that Mrs. Shindel was telling the truth; that she acted in good faith and to protect her own interests. We cannot say as a matter of law that the trial court misjudged the witnesses.

It is insisted that on the record Mrs. Shindel did not have sufficient funds to advance the amounts which she claimed to have advanced. However, she testified that she had sold some of the property derived from the estate at a price considerably greater than its appraised value. Again, her credibility was a question for the trier of the facts.

It is true that transactions between relatives must be scrutinized more closely than others, and will be sustained only upon satisfactory proof of good faith and upon a bona fide indebtedness and consideration not grossly in-

adequate. *Federal Land Bank of Spokane v. Egan*, 195 Wash. 330, 80 P. (2d) 813. It is also true that we have consistently upheld the right of a debtor to prefer one creditor over another, even to the exhaustion of his assets. *Manello v. Bornstine*, 44 Wn. (2d) 769, 270 P. (2d) 1059, 45 A. L. R. (2d) 494; *Schanno v. Pangle*, 19 Wn. (2d) 539, 143 P. (2d) 540; *Haskell v. Phelps*, 191 Wash. 567, 71 P. (2d) 550, 114 A. L. R. 403; *Endicott-Johnson Corp. v. Bloom*, 175 Wash. 606, 27 P. (2d) 1069; *Puget Sound Nat. Bank of Tacoma v. More*, 159 Wash. 5, 291 Pac. 1081; *Zent v. Gilson*, 52 Wash. 319, 100 Pac. 739.

■ There was no allegation and no showing that the mortgage and bill of sale were given on a secret trust for the benefit of the Bryces, although the plaintiff urges in this court that such an arrangement can be inferred from the situation of the parties. Assuming that the trial court would have been entitled to draw this inference, it did not do so, but found instead that Mrs. Shindel acted in good faith and for the purpose of protecting her own interests. The determination of the facts in this case hinging, as it does, largely upon the credibility of witnesses, we cannot say as a matter of law that the evidence preponderates against the trial court's findings. Consequently, the judgment in *Workman v. Bryce et al.* must be affirmed.

By the same token, the mortgage of Mrs. Shindel having been established as valid and subsisting and the past due debt unpaid, and the mortgagees having defaulted, the decree of foreclosure was properly entered.

The judgments are affirmed.

HILL, C. J., SCHWELLENBACH, DONWORTH, and FOSTER, JJ., concur.