[No. 34948. Department Two. October 1, 1959.]

COLUMBIA INTERNATIONAL CORPORATION, *Appellant,* v. OSCAR PERRY *et al., Defendants,* J. W. TROSPER, *et al., Respondents.*[1]

[1]Reported in 344 P. (2d) 509.

*Edmund J. Jones,* for appellant.

*Metzger, Blair & Gardner,* for respondents.

FOSTER, J.—Appellant, Columbia International Corporation, a judgment creditor of Oscar Perry, appeals from an order dismissing proceedings supplemental to execution in which it sought to set aside a sale of corporate stock.

Although appellant's judgment is dated April 3, 1958, the trial was concluded and the cause decided in mid-March of 1958. In late March, the equipment of Perry Machine Shop, a corporation of which Oscar Perry was the controlling stockholder, was appraised at $100,000. On April 1, 1958, Oscar Perry sold all of his stock in the company, a three-fifth interest, to J. W. Trosper and the latter's father-in-law, F. D. Metzger, for approximately $57,000, cash and other considerations. Since its incorporation two years previous, Trosper had operated the machine shop. He owned the minority stock interest and was on close terms with Perry. There were other minor transactions on the same date, and their status is the same as that of the stock sale.

After the sale, Perry left the state with the proceeds, which were subsequently squandered. Although he has since returned, he is now judgment proof.

In June, 1958, Columbia International Corporation instituted proceedings supplemental to execution to set aside the sale by Perry to Trosper of the controlling stockholder's interest in the Perry Machine Shop, Inc. Prior to the sale in question, the stock would have been subject to the satisfaction of appellant's judgment against respondent Perry. Further proceedings were had in October, 1958, but the trial court refused to set the conveyance aside, and discharged Oscar Perry and J. W. Trosper. This appeal is from that discharge.

Error is assigned to the trial court's conclusion that the conveyance of April 1, 1958, by Perry to Trosper was not fraudulent, and should not be set aside. There is no contention here that the transfer of stock to F. D. Metzger was anything but in good faith on Metzger's part, and the validity of that purchase is not before us.

The applicable statute is RCW 19.40.070, which, so far as material, is:

"Every conveyance made and every obligation incurred with actual intent . . . to hinder, delay or defraud either present or future creditors, is fraudulent as to both present and future creditors."

Appellant contends that the conveyance was conceived and executed with fraudulent intent. He claims that Trosper, the transferee, had knowledge of and participated in Perry's plan to prevent collection of the judgment debt. Appellant argues that even if Trosper had no actual knowledge of Perry's scheme he did have knowledge of facts sufficient to put him on inquiry, and can thus be charged with constructive knowledge of Perry's actual intent. These contentions are based (1) on an alleged insufficiency of consideration for the stock, (2) on the timing of the sale, and (3) on the relationship between transferor and transferee.

In order for a conveyance to be fraudulent, not only must the transferor have had the necessary fraudulent

intent, but the transferee must at least have had knowledge thereof. *Workman v. Bryce,* 50 Wn. (2d) 185, 310 P. (2d) 228; *Essig v. Collier,* 159 Wash. 172, 292 Pac. 414; *Wiggins v. Shaw,* 99 Wash. 408, 169 Pac. 853; *National Surety Co. v. Udd,* 65 Wash. 471, 118 Pac. 347. See, also, 37 C. J. S. 952, § 117; 32 L. R. A. 33.

 But actual knowledge is not always needed. A transferee may be charged with knowledge where he is aware of facts and circumstances which are calculated to put him on inquiry, and such inquiry would have led him to discover the intent of the transferor. *O'Leary v. Duvall,* 10 Wash. 666, 39 Pac. 163; *Armstrong v. Armstrong,* 100 Wash. 270, 170 Pac. 587. However, there must be more than mere suspicion to charge the buyer with inquiry and knowledge of the seller's fraud. There must be discovery of evidential facts leading to a belief in the fraud. *Davison v. Hewitt,* 6 Wn. (2d) 131, 106 P. (2d) 733.

Here the testimony is undisputed, and the trial court properly found, that Trosper had no actual knowledge of Perry's intent to defraud appellant. The question to be answered is whether the circumstances surrounding the transaction were sufficient to charge Trosper with constructive knowledge of the fraudulent intent.

Inadequacy of consideration is alleged as one of the culpable surrounding circumstances. Perry's three-fifth interest in the business had a par value of $60,000. He was paid the sum of $50,000, and an equivalent of about $7,000 more through the assumption of some of his obligations.

 The yardstick in this state is the "fair consideration" standard set up in the statute, RCW 19.40.030.

"Fair consideration is given for property, or obligation,

"(1) When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or

"(2) When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained."

Was the approximately $57,000 paid to Perry an amount not disproportionately small as compared with the value of the stock? The answer is "Yes." This is clearly "fair consideration."

It was held in *Marinovich v. Newton,* 126 Wash. 22, 216 Pac. 876, that a judgment debtor's sale of a $1,200 ring for $900 cash does not show such a discrepancy between the price and the value as to suggest fraud, and the sale was not set aside. See, also, *Schanno v. Pangle,* 19 Wn. (2d) 539, 143 P. (2d) 540. While there must be a reasonable and fair proportion between the price paid and the value of the object, *Osawa v. Onishi,* 33 Wn. (2d) 546, 206 P. (2d) 498, there is no flagrant disproportion here. The consideration was fair.

The other circumstances by which appellant attempts to impute a fraudulent intent to Trosper are the timing of the transaction and the relationship between the parties. They are factual issues to be determined by the trial court on the evidence. As long as there is substantial evidence to support the factual conclusions of the lower court, we will not disturb those findings.

The general course of conduct of Trosper and Perry, and the fact that they had, for a long time prior to the suit against Perry, planned to execute this transaction and allow Perry to retire is adequately documented. Likewise is the lack of confidential knowledge by Trosper of Perry's personal plans.

Although circumstances such as close personal relationship and peculiar timing of a transaction may be suspicious, they are surely not conclusive of fraudulent intent, and it may well be found that they were as consistent with good faith as with fraud. *Johnson v. Collins,* 142 Kan. 52, 45 P. (2d) 575; *Chesher v. Shafter Lake Clay Co.,* 45 N. M. 419, 115 P. (2d) 636; *Lackawanna Pants Mfg. Co. v. Wiseman,* 133 F. (2d) 482.

It is a maxim of our law that honesty is presumed. The burden of proving fraud is on the party alleging it, and it is a heavy burden. *Workman v. Bryce, supra; Siegel*

*v. Kracower,* 144 Wash. 609, 258 Pac. 493; *DuPont de Nemours Powder Co. v. Pederson,* 108 Wash. 335, 184 Pac. 316; *Scouse v. Alaska & Yakima Inv. Co.,* 94 Wash. 250, 161 Pac. 1189.

■ Circumstances which are merely suspicious are not enough to render a conveyance fraudulent. *Anchor Buggy Co. v. Houtchens,* 59 Wash. 697, 109 Pac. 1019. All of the elements must be supported by very substantial proofs. It was said in *Rohrer v. Snyder,* 29 Wash. 199, 69 Pac. 748:

" . . . Where the good faith of a conveyance is assailed, it is not enough that the evidence may cause a suspicion as to its good faith. The evidence must be clear and satisfactory, and such as convinces the mind that the conveyance is in reality fraudulent. Taken in connection with the presumption of honesty and good faith that prevails in favor of the validity of the transactions, and the positive statement of the grantee to the effect that he was a purchaser for value and in good faith, these circumstances, as we say, fall short of these requirements."

The finding of Trosper's good faith is sustained by the record. Appellant failed to sustain the burden of proof.

The judgment is affirmed.

WEAVER, C. J., HILL, FINLEY, and ROSELLINI, JJ., concur.

———————

January 13, 1960. Petition for rehearing denied.